IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD L. DAILEY, SR.,    )
        Petitioner,        )    No.:  O7cv462
                           )
    v.                     )    Related Lower Court Numbers:
                           )
THOMAS CARROLL, Warden,    )    Super. Ct.  0210012831
    RESPONDENT.            )    Supr.  Ct.  490, 2006
                           )

EVIDENTIARY HEARING REQUESTED

A MEMORANDUM OF LAW IN SUPPORT OF STATE PRISONER'S
APPLICATION FOR A FEDERAL WRIT OF HABEAS CORPUS

---

This is the Petitioner's Memorandum of law in support of his
Application for a Federal Writ of Habeas Corpus submitted on this
16th   day of   July, 2007.

---



Donald L. Dailey, Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Factual Background.

This case was accepted in the Superior Court of Sussex County, Delaware November 11, 2002,(A-1);(D.I. # 1).

A Plea Agreement was offered recommending a seven (7) year Level 5 Sentence, which Petitioner accepted April 25, 2003,(A-2);(D.I. # 11).

A motion to withdraw said plea was filed June 11, 2003,(A-2); (D.I. # 12). Said motion was reserved and the case was transferred to the Honorable Judge T. Henley Graves on June 13, 2003,(A-2); (D.I.# 13).

The motion to withdraw the plea was granted August 1, 2003 followed by threats from the Honorable Judge T. Henley Graves that if Petitioner went through with his withdrawal the consequences would be severe,(A-3);(D.I. # 20).

The matter was again before the Honorable Judge T. Henley Graves August 6, 2003  wherein the plea was againg accepted as a result of the threats for the Honorable Judge T. Henley Graves, the Deputy Attorney General, and Counsel whom coerced the plead acceptance by threats and leeters he secured from Petitioner's loved one begging him - pressuring him - to accept the plea,(A-3);(D.I. # 21).

Sentence was imposed August 7, 2003 wherein the Honorable Judge T. Henley Graves rejected the recommended seven (7) year Agreement and imposed an enhanced penalty of thirty-five (35) years premised upon an erroneous determination that Petitioner is a "sexual predator." That determination is supported by neither the facts nor Federal or State law,(A-3);(D.I. # 22).

1

Several sworn statements from the witnesses/victims were sent to the Honorable Judge T. Henley Graves and Petitioner's attorney wherein they recanted their statements, which were swept beneath the judicial carpet without a hearing as required by law.( 

A pro se Appeal notice was filed September 8, 2003 followed by counsel's pleadings after instructed by the Court September, 22, 2003,(A-3);(D.I. # 24,27).

The Delaware Supreme Court affirmed the conviction March 4, 2004 holding that the record supported the sentencing determination that Petitioner was a "sexual predator," and that the Honorable Judge T. Henley Graves did not have a closed mind at sentencing, which ruling is not in accordance with the "sexual predator" determination procedure issued to the States via Megan's Law, et cetera, nor on an independent State law governing enhancement of a sentence,(A-   ).

A first postconviction application was filed June 6, 2005,(A-6); (D.I. # 64).

Postconviction relief was denied without the necessary evidentiary hearing or, at least, the attorneys responding via affidavit in accordance with Court Rules and Supreme Court holdings, or a hearing to address the recantation affidavits of victims/witnesses,(A-6); (D.I. # 65).

A second postconviction application was filed July 18, 2006, which was denied July 25, 2006, (A-7);(D.I. # 73, 74).

Motion for reconsideration was filed August 9, 2006 and was denied August 16, 2006 as untimely,(A-7);(D.I. # 76,77).

Appeal was taken in due course September 15, 2006, which was denied based on the same reasoning as the first appeal.

This application is filed in consequence.

Point I


The Attorneys for the Petitioner rendered ineffective
assistance of counsel in violation of the First, Sixth,
and Fourteenth Amendments of the United States Constituion
at the various crucial stages of proceedings.


The Petitioner had a private attorney initially, whom was later

replaced by a court appointed lawyer. The exact deficiencies of the

two men are set forth respectively under the headings Chasanov and

Brady, infra:

Chasanov.


1. Counsel failed to secure and/or come forward with recanted

statements of Petitioner's sons for the purpose of dismissal, more

favorable plea negoiations, et cetera. The Petitoner's then wife,

Linda Dailey, and daughter, Michelle Jessup, accompanied the boys

Donald Dailey, Jr. and Jason Dailey to counsel's office for the

purpose of the boys offering truthful statements with respect to

their father's innocence,(Super. Ct. D.I. # 73; A-25,29,30,33,34).

This action by counsel violates the Delaware Lawyers' Professional

Conduct Rules. Rules 1.1, 1.3, 1.4.("A lawyer may not withhold

information to serve the lawyer's own interest or convenience or

the interest or convenience of another person."). Rule, 1.4, comment

[7]; In re A Member of the Bar of the Supreme Court of Delaware

(Chasanov), Del. Supr., _____ A.2d _____ (2005). [3]  These principles are

---

3. In re Sullivan, Del. Supr., 727 A.2d 832 (1999); In re McCain,
Del. Supr., 669 A.2d 49 (1995); In re Benge, Del. Supr., 754 A.2d
871 (2000)

elaborated upon by the Delaware Supreme Court. MacDonald v. State, Del. Supr., 778 A.2d 1069, 1071-72 (2001)(requiring substantial pretrial investigation, diligence, communication, and advice with respect to possible or probable defenses as opposed to plea bargaining).

2. Counsel failed to file a motion to suppress the Statements and/or video recordings of Petitioner's sons and principal indictee Deborah Bemiller that were initially made to detectives, especially in light of the recantation, (Super. Ct. D.I. # 73;A-36,37).

3. Counsel failed to conduct any pretrial investigation into a previous allegation of theft by Petitioner's ex-wife and mother of his sons, which allegation the detectives found to be false, the disgruntlement over a sour divorce, her pledge to bury Petitioner in prison; and, her influence over the boys with gifts and Bemiller with threats,(Super. Ct. D.I. # 73; A-26,28,29,33, 34,35(a)).

4. Counsel failed to do any pretrial investigation into the mental health history of the Petitioner, his sons, or Bemiller for the purpose of challenging credibility, or making a defense, which is particularly important when the theory of accomplice liability includes an exploration into the mental state of the parties, (Super. Ct. D.I. # 73, A-39): MacDonald at 1072. [4]

5. Counsel failed to show up at a crucial stage of proceedings

---

4. Isijola v. State, Del. Supr., 340 A.2d 844 (1975)

(at the first case review) and had not been granted permission to withdraw as counsel, nor did he give Petitioner notice that he was going to withdraw. Merrit v. State, Del. Supr., 219 A.2d 258 (1966); Professional Conduct Rules, Rule 1.16(c)(d).

6. Counsel failed to turn over his files, inclusive of but not limited to statements by the Petitioner's sons, to the Court Appointed Attorney and aid his successive counsel. Erb v. State, Del. Supr., 332 A.2d 137 (1974); Merrit, supra; Professional Conduct Rules, Rule 1.16(c)(d); In re Tros, Del. Supr., 576 A.2d 607 (1990).

7. Counsel charged Petitioner a retainer fee of $2500 without policy, regulation, letter, et cetera explaining what the funds would be used for specifically, nor did he return any portion. See Professional Conduct Rules, Rule 1.5(a)(1)(3)(4)(8)(b)(f), comment [9][10][11]; In re Becker, Del. Supr., 788 A.2d 527 (2001); Tros, supra, (The Supreme Court ODC is investigating said claims and suggests postconviction relief pursuit);(Super. Ct. D.I. # 73;A-40, 41).

These cumulative errors of counsel amount to the failure of the attorney to test the State's case and are partially the reason the Petitioner received Court Appointed counsel and, ultimately, pled guilty. MacDonald at 1075. An evidentiary hearing should ensue for the purpose of more fully developing the record. Harris v. Towers, 405 F. Supp. 497 (D. Del. 1974); United States v. Magini, 973 F.2d 261 (4th Cir. 1992). This is particularly important since counsel has a reputation for betraying clients' trust. Chasanov, supra.

Brady.

(By reference the Petitioner incorporates the case-authority
and facts above in the section for attorney Chasanov to this section,
except for item # 7.)

   "To establish constitutionally ineffective assistance of
   counsel a claimant seeking postconviction relief must establish
   that 1) counsel's representation fell below an objective
   standard of reasonableness; and, 2) the deficiencies in counsel
   representation caused actual prejudice."
   Wilson v. State, Del. Supr., 834 A.2d 68 (2003) [5]

Petitioner brings this application premised upon his "actual
innocence." Schlup v. Delo, 513 U.S. 298 (1995); Dretke v. Haley,541
U.S. 386 Petitioner has claimed his innocence from the onset and
throughout the case; and, has tried to withdraw his plea of guilty
because of his innocence. However, counsel, the prosecutor, and the
judge coerced, promised, and threatened Petitioner into not with-
drawling the plea.This application seeks the withdrawal of the plea.

   "The relevant factors in evaluating a present motion to
   withdraw a guilty plea are: defendant's assertion of innocence,
   prejudice to the government that would result from such with-
   drawal; and, the reason for requesting withdrawal."
   United States v. Trott, 604 F. Supp. 1045 (D. Del. 1985)

If Petitioner shows a "fair and just" reason to withdraw plea the
denial to allow withdrawal violates his due process rights. Heiser
v. Ryan, 951 F.2d 559 (3rd Cir. 1991), cert. denied, 513 U.S. 926;
United States v. Jones, 979 F.2d 317 (3rd Cir. 1992)(a petitioner
must merely assert innocence and explain why contradictory positions

_____

5. Aubury v. State, Del. Supr., 551 A.2d 53 (1988); Grosvenor v.
State, Del. Supr., 849 A.2d 33 (2004);Miller v. State, Del. Supr.,
840 A.2d 1229 (2003)

were taken before the Court).

As stated, attorney Brady committed basically the same errors as attorney Chasanov in section, supra, 1 thru 6. Petitioner hereat incorporates those items to this section and will add the additional errors for Brady beginning with item number 7, infra:

7. Counsel erroneously advised Petitioner to not accept the first, and better, plea offer of one (1) count of Rape second degree with a penalty of 10-20 years Level 5; and, coerced and threatened him into accepting the second, and worse, plea offer of four (4) counts of third degree Rape with a penalty of thirty-five (35) years Level 5,(Super. Ct. D.I. # 73; A-59,60). April 25, 2003 Petitioner accepted the plea before the Honorable Judge E. Scott Bradley wherein he reiterated his innocence and informed the Court that his attorney had forced him to accept the plea offer,(Super. Ct. D.I. # 73; A-62, 66, 69). That evening he wrote the Judge and told him that he had desired to withdraw the plea because he was innocent, confused, unsure as to what it was he was doing; and, feeling pressured by his lawyer and loved one who wrote letters at the attorney's behest, (Super. Ct. D.I. # 73; A-71,72).

August 1, 2003 the Honorable Judge T. Henley Graves took over the case and - as opposed to honoring the Petitioner's right to withdraw his plea - threatened Petitioner with the fire instead of the frying pan and via reference to a song "Thank God For Unanswered Prayers," instructing Petitioner to go discuss the matter with counsel,(Super. Ct. D.I. # 73; A-75,76). The prosecutor mentioned an issue wherein Petitioner had his daughter Michelle mail his son Jason a card; and, Judge Graves stated that he was not going to deal with the no contact

7

order, which revealed that the threat to prosecute Petitioner and his daughter - to induce the acceptance of the plea - was baseless, (Super. Ct. D.I. # 73; A-77,78).

Subsequently, the DAG, accompanied by Petitioner's counsel, met with him and offered a plea change to three (3) counts of second degree Rape and a promise of no more than seven (7) years Level 5. Petitioner hesitated, and the DAG threatened to prosecute Petitioner and his daughter if he did not accept the plea offer,(Super. Ct. D. I. # 73; A-80,81). Counsel later overbourne Petitioner's will by having his daughter and sister write letters begging Petitioner to accept the plea for the family's sake - saying that counsel told them he would serve no more than five (5) to eight (8) years Level 5 if he signed the plea; and, life in prison if he did not,(Super. Ct. D.I. # 73; A-80 to 83).

August 6, 2003 petitioner - being coached by counsel - accepted the plea offer,(Super. Ct. D.I. # 73; A-84 to 103).

August 7, 2003 Judge Graves refused to honor the recommendation for seven (7) years Level 5 and imposed a sentence of thrity-five (35) years Level 5,(Super. Ct. D.I. # 73; A-108 to 110).

Refusal to allow Petitioner to withdraw a guilty plea denies due process of law. Heiser. The actions of counsel - not making efforts to negoiate for a better plea, but negoiating a worse plea - violates clearly established Federal and State law. MacDonald at 1075. Plea not allowed to stand if induced by promise, threat, misrepresentation, et cetera. Mabry; Libretti. A guilty plea which is induced by threats or promises of counsel that deprive it of its voluntary character is void. Lesko v. Lehman, 925 F.2d 1527 (3rd Cir. 1991), cert. denied,

8

502 U.S. 898; MacDonald at 1074-75. Withdrawal of a plea based on promises of counsel is appropriate. Zilich v. Reid, 36 F.3d 317 (3rd Cir. 1994); MacDonald at 1075-76. Counsel for Petitioner did exactly what the Delaware Supreme Court has prohibited - became an ally of the prosecutor and judge, failed to investigate and test the State's case while pressuring Petitioner with threats of family prosecutions, family begging, and negoiated a worst plea. MacDonald.

8. Counsel offered no mitigating factors at the sentencing phase nor otherwise spoke on behalf of his client in the hope of a low or minimal sentence; and, he failed to object to and clarify the law on the Judge's sentencing comment "sexual predator" as it related to the Petitioner or record, which must be supported in the record to enhance a penalty,(Super. Ct. D.I. # 73; A-104 to 112, specifically 109). "That person who happens to be a lawyer is present at trial alongside the accused is not enough to satisfy constitutional requirement of effective assistance of counsel." Shipley v. State, Del. Supr., 570 A.2d 1159 (1990); See State v. Fergason, Del. Super. Ct., 642 A.2d 1267 (1992); United States Constituion, Amendment 6.

9. Counsel failed to recognize that Petitioner did not have the competency to enter the plea barganing process,(Super. Ct. D.I. # 73; A-71). The answers to questions in the colloquy make it apparent that Petitioner lacked competency,(Super. Ct. D.I. # 73; A-62 to 69). Despite the confusion and vascillation counsel did not investigate previous mental health records from the Delaware Psychiatrict Center, Delaware Correctional Center, Sussex Correctional Institution; and, New Path Consultants. When Judge Graves asked of mental history

9

counsel let the Petitioner answer in the negative when there are
ample documents revealing incompetency, or at least infirmaties
that could had been presented in plea negoiating and sentencing,
(Super. Ct. D.I. # 73; A-88). A plea by a person lacking competency
cannot stand. Harris v. State, Del. Supr., 410 A.2d 500, 501-02
(1979). [6]

10. Counsel did not seek a bill of particulars in order to
effectively challenge the lack of specific dates and times of alleged
crimes referenced in the warrant and indictment and, thus, Petitioner
was prejudiced by that failure because as an on-the-road truck driver
he was unable to present his alibi defense,(Super. Ct. D.I. # 73;
A-113,114). Wright v. State, Del. Super. Ct., 653 A.2d 288 (1994)

    "The power exists in court to order a bill of particulars
in any case, but such power is usually exercised only when
it appears that justice cannot be done otherwise."
Yerkey v. Wright, Del. Super. Ct., 36 A.2d 366 (1944)

Becuase of the Petitioner's profession and the confusion with
respect to dates and times, counsel should had made a motion.

    "One purpose of the bill of particulars is to fill in any
gaps between facts disclosed by indictment and that set of
facts which will permit defendant the opportunity of prepara-
tion of a defense."
    State v. Traenkner, Del. Super. Ct., 314 A.2d 202 (1973);
Super. Ct. Crim. Rules, Rule 16(b).

---

6. 11 Del. Code Ann. § 404(a); Williams v. State, Del. Supr.,
378 A.2d 117 (1977), cert. denied, 436 U.S. 908

11. Counsel failed to motion for Petitioner's relief from the conviction upon notice from Judge Graves that the victims/sons recanted their statements,(Super. Ct. D.I. # 73; A-25 to 35,115 to 117). "A defendant's right to due process is implicated when the State obtains a conviction based upon testimony the State knows is perjured." Robinson v. Arvonio, 27 F.3d 877, 883 (3rd Cir. 1994), citing, Napue v. Illinois, 360 U.S. 264 (1959); Giglio v. United States, 405 U.S. 150 (1972). Our State Supreme Court has held that relief is appropriate. Cabrera v. State, Del. Supr., 840 A.2d 1256 (2004); Weedon v. State, Del. Supr., 750 A.2d 521 (2000). [7]

12. Counsel did not file an appeal, despite Petitioner's request, until after Petitioner submitted a pro se notice; and, the Court ordered counsel to file. He did not effectively argue the Judge's impermissible use of the unsupported term "predator" in sentencing Petitioner because counsel labored under a conflict that even the Supreme Court noted,(Super. Ct/ D.I. # 73; A-16, item # 3, 118 to 123). The Justices refered to counsel as the conflict lawyer,(Super. Ct. D.I. # 73; A-89).

The Sixth Amendment right to effective assistance of counsel provides for representation free from conflicts of interests or divided loyalties. Swan v. State, Del. Supr., 820 A.2d 342 (2003). [8]

---

7. Hall v. Director of Corrections, 343 F.3d 976 (9th Cir. 2003); Sassounian v. Roe, 230 F.3d 1097 (9th Cir. 2000); Vestura v. Attorney General of FL., 419 F.3d 1269 (11th Cir. 2005)

8. Lewis v. State, Del. Supr., 757 A.2d 709 (2000); Cuyler v. Sullivan, 466 U.S. 335, 348, 350 (1980); Holloway v. Arkansas, 435 U.S. 475, 484-85 (1978)(Court must halt proceedings and inquire)

In pretrial situations the Court must anticipate potential conflicts and take appropriate measures to protect petitioner's right to the effective assistance of counsel. United States v. Cooper, 672 F. Supp. 155 (D. Del. 1987); Holloway. Counsel did not object to the use of the term "predator" when the Judge used it to enhance the penalty at sentencing. Glover v. United States, 531 U.S. 198 (2001). Nor did he present on appeal the fact that the only way the sentencing Judge could make a determination that Petitioner was a "sexual predator" is if it was supported by the record; and, then only after Petitioner had been examined by a panel of State experts in the field of the behavior and treatment of sexual offenders report as a State Board. 42 USCA S 14071(a)(2); Kominski v. State, Del. Supr., 154 A.2d 691 (1959). Thus,the Supreme Court erroneously held that there was support in the record to enhance the sentence,(Super. Ct. D.I. # 73; A-19). The correct remedy for defendant who claims ineffective assistance of counsel on appeal is to bring a postconviction motion. Johnson v. Ellingsworth, 783 F. Supp. 215 (D. Del. 1992).

These cumulative errors of counsel amount to the failure of the attorney to test the State's case and are reason that his conviction was upheld by the Supreme Court on appeal; and, why Petitioner accepted the plea agreement offer. MacDonald at 1075. An evidentiary hearing should ensue for the purpose of more fully developing the record and inquiring into counsel's abuse of clients' trust. Harris v. Towers, supra; Magini, supra.

12

Point II


The State Attorney committed Prosecutorial Misconduct and
denied Petitioner his right to a fundamentally fair trial
guaranteed by the Fourteenth Amendment of the United States
Constitution and Article I § 7,8 of the Delaware Constitution.


The Deputy Attorney General, Mr. James Adkins, committed several
acts of prosecutorial impropriety in securing the plea of guilty
from the Petitioner; these acts are set forth and enumerated as item
# 1 thru 4, infra:


1. The Deputy Attorney General, Mr. Adkins ( Herein after "DAG")
initially offered the Petitioner a plea of one (1) count of Rape in
the second degree with a penalty of 10-20 years Level 5,(See Super.
Ct. D.I. # 73, Appendix item # 59). Subsequently, he retracted the
plea offer and made another with four (4) counts of Rape third degree
with a penalty of 8-80 years Level 5,(Super. Ct. D.I. # 73; A-60).
The DAG later learned that Petitioner had mailed his son a card via
his daughter, Mrs. Michelle Jessup, in violation of an earlier
imposed no contact order. Then, with the assistance of counsel for
Petitioner, coerced him into signing the plea upon threat that he
nd his daughter would be prosecuted, which his daughter conveyed
her willingness to be liable for, which had no basis in law as the
Honorable Judge T. Henley Graves pointed up,(Super. Ct. D.I. # 73;
A-77,78 and 80). A plea induced by threats, promises, et cetera may
not stand. Mabry v. Johnson, 467 U.S. 504 (!984); Libretti v. United
States, 516 U.S. 29 (1994). This action by the DAG violates his
ethical duties. Delaware Lawyers' Professional Conduct Rules, Rules
3,4,;8.4(a)(b)(C)(e). Threatenting prosecutions it knows to be

baseless in effort to induce a plea agreement has been adamantly condemned by the Delaware Supreme Court. MacDonald v. State, Del. Supr., 978 A.2d 1064, 1069-70 (2001); Professional Conduct Rules, Rule 3.8(a)(prosecutor shall refrain from prosecuting a charge known to not be supported by probable cause). A lie told to the Petitioner about an important aspect of the case may affect the voluntariness of any statements or acts and must be analyzed like any promise. Baynard v. State, Del. Supr., 518 A.2d 682 (1986); MacDonald.

2. The DAG not only threatened the baseless prosecution, but also promised that the Petitioner would not get more that seven (7) years Level 5 when he knew that the 11 (e)(c) cap no longer existed in Delaware and that a judge was not bound by said promises. Mabry; Libretti; Baynard; MacDonald.

3. The DAG improperly made a plea offer to the principal indictee Deborah Bemiller, to a lesser number of counts and years at Level 5 than he offered the accomplice,(Super. Ct. D.I. # 73; A-124). The principal was charged with the actual rape of Petitioner's sons while he was alleged to have watched,(Super. Ct. D.I. # 73; A-96 to 98, 125 to 129). This enticement led the principal, Bemiller, to lie on the Petitioner to free herself from the potentially severe penalty she would have received otherwise. See Sassounian v. Roe, 230 F.3d 1097 (9th Cir. 2000)(relief available when government witness undermines confidence in the outcome of the case); Daniels v. Pipefiters Ass'n Local Union No. 597, 983 F.2d 800 (7th Cir. 1993). Our statutes make it clear that it is intended for the

14

principal to be more sevely punished than an accomplice.

> "When a statute singles out supervisor for more severe
> punishment than his or her underling, government cannot use
> aider and abetter statute to punish underling as severely
> as a supervisor."
> United States v. Thomas, 956 F.2d 165 (7th Cir. 1992).

It is clearly stated that the Petitioner is an alleged accomplice
in the criminal conduct of his hired babysitter, Bemiller,(Super. Ct.
D.I. # 73; A- 97). The plea agreement and indictment charged the
Petitioner as an accomplice to Bemiller - aiding and abetting her,
(Super. Ct. D.I. # 73; A-60, 125 to 129).

> "Jury undertakes a two-part analysis when the state
> procedes on the theory of accomplice liability: 1) jury must
> decide whether state has established that defendant was an
> accomplice to criminal offenses committed by another person;and
>  2) if defendant is found liable for criminal offenses under
> the theory of accomplice liability and the offenses are divided
> into degrees, a jury must determine what degree of offense
> defendant committed, and that conclusion must be based on
> individual determination of defendant's mental state and
> culpability."
> Johnson v. State, Del. Supr., 711 A.2d 18 (1998)

Granting that Bemiller is believeable, in claiming that Petitioner
watched or had sex with her while she molested his sons) it strikes
at the heart of due process and fundamental fairness to plea the
principal to two (2) counts and a sentence of four (4) years Level
5 while pleading the accomplice to three (3) counts and a sentence
of thirty-five (35) years Level 5. This is paramount because it
cannot be claimed that Petitioer is anything but mentally disorderd
as a parent if letting the babysitter rape his sons while involved.
Under the theory he must receive less severe a punishment.

4. After the sentencing the trial judge received a number of statements from Petitioner's sons and others recanting their prior statements and explaining how the Petitioner's ex-wife, the boys' mother, influenced them and pressured Bemiller to lie on Petitioner because the mother was disgruntled over the defeat in the divorce and custody issue,(Super. Ct. D.I. # 73; A-25 to 35(a), 116,117). The trial court judge lettered the attorneys regarding the recanted statements, or newly-discovered evidence. The three (3) of them made no effort to have a hearing as required by precedent authority. Weedon v. State, Del. Supr., 750 A.2d 521 (2000).

A conviction obtained through the use of false evidence violates the Fourteenth Amendment when the State, although not solicting false evidence, allows it to go uncorrected when it appears. Napue v. Illinois, 360 U.S. 264, 269 (1959). [9]

> "Reconsidering the admissibility of testimony by the petitioner's spouse was warranted in the interest of justice in a postconviction case due to subsequent factual developments involving recantation of testimony to support waiver of marital privileges; thus, the procedural bar of former adjudication did not apply."
> Weedon; See Super. Ct. Crim. Rules, Rule 61 9i)(4); DRE, Rule 504 (a); Innocent Protection Act. [10]

The DAG ignored this newly-discovered evidence and failed to correct the perjured statements. These improprieties should be more fully explored in an evidentiary hearing in the Federal Court; it is becuase of them that Petitioner was forced into an unwanted plea.

---

9. Robinson v.Arvonio, 27 F.3d 877, 883 (3rd Cir. 1994)

10. Johnson v. Carroll, 327 F. Supp. 2d 386 (D. Del. 2004); Johnson Pinchak,392 F.3d 551 (3rd Cir. 2004); Dretke v. Haley, 541 U.S. 386 (2004); Schlup v. Delo, 513 U.S. 298, 324, 329 (1995)

Point III

The Trial Court Judge committed Judicial Misconduct and denied Petitioner his right to a fundamentally fair trial guaranteed by the Fourteenth Amendment of the United States Constitution and Article I § 7,8 of the Delaware Constituion.

The Trial Court Judge committed several acts of Judicial impropriety in securing the plea agreement and sentencing Petitioner; these acts are set forth and enumerated as item # 1 thru 6, infra:

1. The procedural default exception is applicable to actual innocence cases when petitioner challenges a guilty plea as non-waivable. United States v. Garth, 188 F.3d 99 (3rd Cir. 1999); Schlup v. Delo, 513 U.S. 298, 324, 329 (1995); Dretke v. Haley, 541 U.S. 386 (2004); Kirk v. Carroll, 243 F. Supp. 2d 125 (D. Del. 2003); State Kirk, Del. Super. Ct.,_____A.2d_____(Feb. 26, 2004).

The Honorable Judge Graves requested that Petitioner's case be assigned to him for the sole purpose of threatening Petitioner into accepting the offered plea. Petitioner's case was initially assigned to the Honorable Judge E. Scott Bradley, in whose courtroom the plea was first accepted and then withdrawn,(Super. Ct. D.I. # 73; A-61 to 72). JUdge Graves took the case from Judge Bradley and threatened Petitioner with going from the frying pan into the fire, 102 years Level 5, and immediate trial - telling Petitioner that he should go discuss the ramifications with his attorney as opposed to accepting Petitioner's wish to withdraw the plea,(Super. Ct. D.I. # 73; A-75, 76). The reasons for Petitioner wanting to withdraw the plea were "fair and just," and presented to the Court in terms of an "actual

17

innocence" claim supported by documentation from witnesses recanting their statements,(Super. Ct. D.I. # 73; A-71,72).

> "If defendant can show 'fair and just' reasons to withdraw guilty plea, withdrawal is proper and refusal to allow withdrawal denies defendant of due process."
> Heiser.

Our State Supreme Court has held that our judges shall respect the law - and case-authority like Heiser - and refrain from even the appearance of bias and impropriety by requesting a particular case be assigned to his caseload. Stevenson v. State, Del. Supr.,____ A.2d____ (    ), citing, In re Murchin, 349 U.S. 133, 136-39 (1955) ("Due process requires that a judge possess neither actual nor apparent bias).

2. A judge who accepts a guilty plea must be satisfied that the plea is entered knowingly and voluntarily. Barkley v. State, Del. Supr., 724 A.2d 558 (1999); Super. Ct. Crim. Rules, Rule 11(c).

> "Prior to accepting guilty plea, trial judge must determine that guilty plea is not a result of force, threats, or promises apart from the plea agreement, i.e. is voluntary."
> Sommerville v. State, Del. Supr., 703 A.2d 629 (1997), habeas corpus denied, 2001 WL 1568732, motion denied, 2002 WL 202104; Super. Ct. Crim. Rules, Rule 11(d)

(By reference Petitioner incorporates the facts in section # 1, supra, to this section.) The judge himself threatened and forced Petitioner into accepting the plea offer; he became an ally of the prosecutor and defense attorney in their effort to secure the conviction of an innocent man based on perjured statements that were reported to him as such, no pretrial investigation. MacDonald.

18

3. (By reference Petitioner incorporates the facts and case-authority in Point II, section 3, supra, to this section.) The judge sentenced Petitioner to thirty-five (35) years Level 5 as an accomplice while sentencing the principal offender to four (4) years Level 5, which is contrary to the holdings of our State Supreme Court. Johnson v. State, Del. Supr., 711 A.2d 18 (1998).

> "A judge does not calculate a sentence only on the basis of the nature of the crime involved, but must also consider defendant's character, life, health, conduct, and mental and moral propensities."
> United States v. Bay, 820 F.2d 1511 (9th Cir. 1987); See Geraghty v. United States Parole Commission, 579 F.2d 238 (3rd Cir. 1978)(same)

The judge did not consider any of these relevant factors in the imposed sentence - because, in part, counsel stood silent - but based the sentence exclusively on the misconception that Petitioner was a "sexual predator,"(Super. Ct. D.I. # 73; A-109). State v. Fergason, Del. Super. Ct., 642 A.2d 1267 (1992).


4. There were several indications in the record that Petitioner lacked the requisite mental capacity to understand what he was doing legally. He repeatedly said that he was not guilty while accepting the guilty plea before Judge Bradley,(Super. Ct. D.I. # 73; A-62, lines 18 to 20; 66, lines 7 to 14; 68, lines 19 to 23; and, 69, line 1). He wrote a letter, just hours later, telling of his confusion, pressures, et cetera,(Super. Ct. D.I. # 73; A-71,72). As opposed to the case being transferred to Judge Graves for him to threaten the Petitioner into not withdrawing his plea, the Court should had ordered Petitioner to be examinied by a psychiatrist for compentency.

19

"When the record discloses that a bona fide doubt of
compentency is raised during trial, due process requires
the trial judge to hold a hearing and make a determination
as to the legal competency of defendant to stand trial."
     Williams v. State, Del. Supr., 378 A.2d 117 (1977),
cert. denied, 436 U.S. 908; See Harris v. State, supra;
11 Del. Code Ann. 404(a).


The records from the Delaware Psychiatrict Center, the Delaware

Correctional Center, Sussex Correctional Instituion; and, New Path

Consultants are replete with evidence of Petitioner's inability to

competently understand legal issues, which are -at least - mitigating

factors for a more lenient sentence. Harris v. State, supra. [12]


     "A sentencing Court's error of fact provides basis for
postconviction relief if the error constituted fundamental
defect which inherently results in a complete miscarriage
of justice."
     United States v.Biberfield, 957 F.2d 98 (3rd Cir. 1992);
See Diggs v. United States, 740 F.2d 239 (3rd Cir. 1984)(same)


5. A sentencing Judge may not rely upon impermissible sentencing

factors, nor factors not supported by the record.


     "It is not the duration or the severity of this sentence
that renders it constitutionally invalid, it is the careless
or designed pronouncement of sentence on a foundation so
extensively and materially false, which the prisoner had no
opportunity to correct by the services which counsel would
provide, that renders the proceedings lacking in due process."
     Townsend v. Burke, 68 S.Ct. 1252, 1255


The Judge, from a closed mind, did not consider any of the factors

a Court is required to at sentencing. Bay. [13]   Instead, the sentencing

judge relied upon a single factor to refuse the recommended seven (7)

years Level 5 and enhanced the penalty to thirty-five (35) years

_____

12. Blanco v. Singletary, 943 F.2d 1477 (11th Cir. 1991)

13. Geraghty; Blanco; Riles v. McCotter, 799 F2d. 947 (5th Cir.1986)

20

"predator,"(Super. Ct. D.I. # 73; A-7,8,108,109). The Supreme Court affirmed saying:

              "The Superior Court Judge's reference to Dailey as a 'sexual predator' was based upon the nature of the crimes for which Dailey was being sentenced and Dailey's criminal record," (Super. Ct. D.I. # 73; A-19, Supreme Court Order).

Firstly, the Court may not merely look at the crime or criminal history for sentencing; it must consider the defendant's character, health, et cetera. Bay; cases in note 13, supra. Secondly, there is no support in the Petitioner's criminal record for the judge to declare him a "sexual predator." Kominski, supra. The term "sexual predator" is defined as follows: "A person who has committed many violent sexual acts." Black's Law Dictionary, Eighth Ed., 2004. Our Third Circuit Court of Appeals has emphatically stated that in determining whether one is a sexual predator that "we cannot make complex and impartial determinations in a factual vacuum." Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1250 (3rd Cir. 1996). Therefore, the Federal Government has determined that specific procedures are to be applied to determining a defendant a sexual predator. 42 USCA § 14071(a)(2)(C)(D)(E):

   "A determination that a person is a sexual violent predator
   and the determination that one is no longer a sexual violent
   predator shall be made by the sentencing court after receiving
   a report by a State Board composed of experts in the field of
   the behavior and treatment of sex offenders.
   The term 'sexual violent predator' means a person who has been
   convicted of a sexually violent offense and who suffers from a
   mental abnormality or personality disorder that makes the
   person likely to engage in predatory sexually violent offenses.
   The term 'mental abnormality' means a cogential or acquired
   condition of a person that affects the emotional or volitional
   capacity of the person in a manner that prediposes that person
   to the commission of criminal sexual acts to a degree that
   makes the person a menace to the health and safety of other
   people.

                                  21

The term 'predatory' means an act directed at a stranger,
or a person with whom a relationship has been established or
promoted for the primary purpose of victimization."
Id.

No State Board of experts reported to the Court that Petitioner
is or is not a sexual predator and, thus, there is no support in the
record to justify enhancement of the sentence premised upon same. It
has not been established that Petitioner suffers a cogential or
acquired condition affecting his emotional or volitional capacity
and predisposes him to commit sexually violent acts or become a
menace; and, it is impossible to assume he had a relationship with
his sons for the primary purpose of victimizing them. These sentenc-
ing errors warrant postconviction relief. Biberfield; Diggs; Kominski.
Furthermore, if Petitioner is a sexual predator, it is an issue for
mitigating factor purpose so that he can receive treatment, lenient
sentence, affirmative defense, et cetera. Geraghty; Bay; Blanco;
Riles; Artway v. Pallone, 672 F.2d 1168, 1173 (3rd Cir. 1982)("such
persons suffer under mental and physical illness involuntarily causing
their conduct...they will respond to specialized treatment."). The
Court viewed this issue in a factual vacuum and made an unresonable
determination of said facts - or absence of facts - in light of
evidence presented, which warrants postconviction relief. Hall v.
Director of Corrections, 343 F.3d 976 (9th Cir. 2003).

6. Procedural bar not applicable in interests of justice case
wherein State witness recants statements. Weedon; DRE, Rule 504(a);
Super. Ct. Crim. Rules, Rule 61(i)(4); Innocent Protection Act.

Two of the victim/witnesses recanted their initial statements and

wrote letters and affidavits stating that they lied about Petitioner
being involved in the sexual affairs they were having with their
babysitter, Deborah Bemiller. Their truthful testimony is that the
babysitter was angry because their father (Petitioner) rejected her
as a lover and married Linda Dailey; and, that their mother hated
the Petitioner because she did not fair well in the divorce and
custody battle - promising to bury Petitioner in prison and threat-
ening Bemiller into lying and striking a deal for herself, and giving
the boys gifts to lie on their father,(Super. Ct. D.I. 3 73; A-25 to
35(a)). The family members shared this common knowledge,(Super. Ct.
D.I. # 73; A-42 to 56). The recantations were presented to the Judge,
who forwarded the letters to counsel,(Super. Ct.D.I. # 73; A-115).
The Petitioer's mother and his sons shared these facts with Judge
Graves after the plea was accepted,(Super. Ct. D.I. # 73; A-130 to
138). The repeated efforts of many fell upon deaf ears or calloused
hearts.

    "A defendant's right to due process is implicated when the
    State obtains a conviction based upon testimony the State
    knows to be perjured."
    Robinson v. Arvonio, 27 F.3d 877, 883 (3rd Cir. 1994),
    citing, Napue v. Illinois, 360 U.S. 264 (1959); Giglio v.
    United States, 405 U.S. 150 (1972) [14]

The judge merely notifying counsel and leaving such a matter up
to them for non-response is an unreasonable determination in light
of the evidence presented, which warrants postconviction relief. Hall.

---

14. Sassounian; Schaff v. Snyder, 190 F.3d 513 (7th Cir. 1999);
Murtishaw v. Woodford, 255 F.2d 926 (9th Cir. 2001); Ventura v.
Attorney General of FL, 419 F.3d 1269 (11th Cir. 2005); Lewis v.
Erikson, 946 F.2d 1361 (8th Cir. 1991)

"Court should evaluate credibility of statements by the witnesses whose testimony formed basis of prosecution's case, even if made after trial. "
Daniels v. Pipefitters Ass'n Local Union No. 597, 983 F.2d 800 (7th Cir. 1993); Weedon.

A judge cannot acquiesce in the suppression of such evidence as recanted statements by the State and counsel. Postconviction relief claims on these type of grounds are held to a lesser showing of prejudice than those for newly-discovered evidence. Conley v. United States, 323 F.3d 7 (1st Cir. 2003).

A jury would not have convicted Petitioner if hearing the true statements of his sons. The actions of the judge forced Petitoner into accepting a plea he would not had otherwise accepted. He would have insisted on going to trial. The actions of the judge to not order a hearing to inquire into the the recanted statements further secure Petitioner within an unconstitutional conviction and sentence or imprisonment. Threats from Judge Graves forced Petitioner to accept the plea which, had the judge not done so, he would have gone to trial. These acts greatly prjudice Petitioner and deprive him of his right to due process of law. An evidentiary hearing is warranted to more fully develop the record and explore the issue of the recanted statements.

Point IV

The Lower Court's factual findings and conclusions of law
are erroneous and misapplied to a Rule 61 motion claim of
actual innocence.

(This argument was presented to the Appellate Court in challenge
to the denial of relief by Judge Graves in the postconviction pursuit)

The Appellant presented the Lower Court with three (3) basic
claims - ineffective assistance of counsel, prosecutorial misconduct;
and, judicial misconduct - which so questions the fundamental fair-
ness of proceedings, integrity of the Court, and reliability of the
verdict that it has resulted in the conviction of an innocent person.
Without exploring the issues via an evidentiary hearing or response
from the attorneys, the Lower Court judge summarily dismissed both
Rule 61 motions premised upon erroneous factual findings and con-
clusions of law in applying procedural bars.

"Petitioner bears the burden of establishing a 'colorable
claim' of injustice; while colorable claim does not necessarily
require a conclusive showing of trial error, mere speculation
that a different result might have obtained certainly does not
satisfy the requirement; the question of whether a movant has
presented a colorable claim is a question of law reviewed by
the Delaware Supreme Court de novo."
State v. Condon,Del. Super. Ct., ___ A.2d ___ (Mar. 13, 2003)

A motion to withdraw a guilty plea, after sentencing, must be
filed in compliance with Rule 61. Jamison v. State, Del. Supr., 825
A.2d 238 (2003); Super. Ct. Crim. Rules, Rule 32(d).

25

"A successful claim of ineffective assistance of counsel can constitute 'cause' under subdivision(i)(3); however, to prevail on a claim petitioner must establish 1) that the attorney's representation fell below the objective standard of reasonableness; and, 2) had it not been for the errors the outcome would have been different."
Cook v. State, Del. Supr., 758 A.2d 933 (2000) [15]

The Memorandum of Law in support of Appellant's Rule 61 Petition is replete with issues that fall below an objective reasonableness and had induced Petitioner to accept a plea he would not had otherwise accepted, but would had insisited on going to trial, which is obvious from his first attempt to withdraw the plea,(Super. Ct. D.I. # 73; Memo., Pp. 6-20). Without requiring counsel to respond to the claims, the Lower Court Judge summarily dismissed both the first and second petitions,(Supr. Ct. D.I. ?; A-1 to 6). This Court has consistently held that attorneys should be made to respond to such claims via evidentiary hearing or affidavit. Horne v. State, Del. Supr.,____A.2d____(Aug. 5, 2005).    This is particularly applicable in a case where counsel coerced a defendant into a mistaken waiver of constitutional rights - right to trial, opportunity to present evidence, pose Federal questions, et cetera. Condon, supra.

Counsel, Chasanov, was alleged to have not done any pretrial investigation, secure and present favorable, exculpatory, evidence, show up at critical stages, nor present Appellant's(Petitioner's) mental health state,(Super. Ct. D.I. # 73, Memo., Pp. 8-10,

---

14. Johnson v. Ellingsworth, 783 F.Supp. 215 (D. Del. 1992); Gattis v. State, Del. Supr., 697 A.2d 1174 (1997),cert denied, 522 U.S. 1124 (1998); Ayers v. State, Del. Supr., 802 A.2d 278 (2002)

15. Collins v. State, Del. Supr., 420 A.2d 170 (1980); Casalvera v. State, Del. Supr. 410 A.2d 1369 91980)

incorporated hereto by reference).

Counsel, Brady, was likewise alleged to have committed the same errors, as well as remaining silent at the sentencing phase, did not present recanted statement evidence, raise Federal question on sentenceing term "predator;"and, colluded with prosecutor and Judge to coerce Appellant (Petitioner) into a plea acceptance,(Super. Ct. D.I. # 73; Memo., Pp. 11-20, incorporated by reference). The Lower Court held in both Rule 61 denials that because Appellant (Petitioner) answered affirmatively in the plea colloquy - that he was satisfied with the performance of counsel - he did not have a claim. This Court has held the difference when counsel becomes an ally of the Judge and prosecutor to coerce a plea by first threatening baseless prosecution against family members and, then have family members beg Appellant (Petitioner) to accept the offered plea. MacDonald v. State, Del. Supr., 778 A.2d 1064, 1075-76 (2001). [16]

Immediately after accepting the initial attorney's presence was not going to be made, Appellant (Petitioner) agreed to Counsel John Brady representing him as Court Appointed counsel. Brady told the Appellant (Petitioner) to not accept the better plea offer of one(1) count of second degree rape with a maximum penalty of twenty(20) years; and, coerced him into accepting a worse plea offer of four(4) counts of third degree rape and got him sentenced to thirty-five(35) years, which is fifteen(15) years more than the maximum penalty on to first plea offer,(Super. Ct. D.I. # 73; A-59,60, incorporated hereto by reference.)

---

16. Grosvenor v. State, Del. Supr., 849 A.2d 33 (2004); Miller v. State, Del. Supr., 840 A.2d 1229 (2003)

27

The night of accepting the plea offer before Judge Bradley the Appleenat mailed His Honor a letter seeking to withdraw the plea, (Supr. Ct. D.I. # ?; A-7,8). The case was requested by Judge Graves and he threatened Appellant with a song title "Thank God For Unanswered Prayers," and the words "going from the frying pan into the fire" if Appellant (Petitioner) did not accept the plea,(Supr. Ct. D.I. # ?; A-9). His Honor told Appellant (Petitioner) to talk with his attorney and reconsider withdrawling; counsel and the DAG came to the bullpen and coerced Appellant (Petitioner) with promises of an eight(8) year sentence, and a threat of prosecution against his daughter and he for contacting his sons via a greeting card, which Judge Graves was told about and made no big deal of it,(Supr. Ct. D.I. # ?; A-10). Appellant's daughter wrote to him of the threat of prosecution and counsel Brady's pressures to coax her and the Appellant's (Petitioner's) sister to beg him to accept the plea, (Supr. Ct. D.I. # ?; A-11,12). Appellant's (Petitioner's) sister also wrote and begged him to accept the plea offer as Brady pressured her into doing,(Supr. Ct. D.I. # ?; 13,14). Judge Graves accepted the plea and stated that had Appellant (Petitioner) not been a "predator" he would have given him the seven(7) years negoiated in the plea but then enhanced the penalty to thirty-five(35) years,(Supr. Ct. D.I. # ?; A-15,16). Numerous letters were sent to Judge Graves and Brady wherein the alleged victims recanted their statements, which evidence was ignored/suppressed. This Court affirmed the conviction without considering the Federal question of the sentencing term "predator" under 42 USCA § 14071(a)(2)(C)(D)(E) and held that because Appellant (Petitioner) had a prior sex offense on the record[from a decade

28

earlier] the penalty could be enhanced under the State "repetitive" provision,(Suprr Ct. D.I. # ?; A-19-tò 21);(A- 4,5,13,14). Judge Graves subsequently received additional recantation letters which he, the prosecution, and defense counsel refused to conduct a hearing on, (Supr. Ct. D.I. # ?; A-22)

The law is clear on the issue. Refusal to allow a petitioner to withdraw a guilty plea denies due process. Heiser v. Ryan, 951 F.2d 559 (3rd Cir. 1991), cert. denied, 513 U.S. 926. Counsel not making an effort to negoiate for a better plea - but actually negoiating a worse plea - is a violation of settled law. MacDonald at 1075. A plea is not allowed to statnd when induced by promises, threats, coerced by family member pressures, misrepresentation, et cetera. Mabry v. Johnson, 467 U.S. 504 (1984);Libretti v. United States, 516 U.S. 29 (1995). A guilty plea which is induced by promises or threats from counsel that deprive it of its voluntary character is void. Lesko v. Lehman, 925 F.2d 1527 (3rd Cir. 1991), cert. denied, 502 U.S. 898; MacDonald at 1074-75. Withdrawal of such plea is appropriate. Zilich v. Reid, 36 F3d. 317 (3rd Cir. 1994); MacDonald at 1075-76. Counsel stood silent at sentencing and neither presented mitigating factors nor objected to or challenged the erroneous sentencing enhancement. "That a person who happens to be a lawyer is present [during proceedings] alongside the accused is not enough to satisfy constitutional requirement of effective assistance of counsel." Shipley v. State, Del. Supr.,570 A.2d 1159 (1990). [17]

---

17. State v. Fergason, Del. Super. Ct., 642 A.2d 1267 (1992)

The Lower Court Judge relied exclusively upon the legal term "sexual predator" in passing sentence, which is not the same as relying on the State "repetitive" statute language; and, is not supported by the record. To determine one a sexual "predator" the Court must first have a State panel of experts in the field of treatment and behavior determine him as such. 42 USCA **s** 14071(a)(2)(C)(D) (E). The Lower Court enhanced the sentence to thirty-five(35) years. Under the "repetitive" statute the sentence is to be enhanced by ten(10) years only. SENTAC Benchbook, 2005.

> "Defendant may collaterally attack a conviction on a federal ground in State Court. This rule gives a State defendant claiming a federal ground for collatterally attacking a conviction the opportunity of doing so in State Court."
> State v. Conyers, Del. Super. Ct., 413 A.2d 1264 (1979), aff'd., 422 A.2d 345 (Del. Supr. 1980)

Our Courts will address the federal law if the claims constitute a miscarriage of justice that deals with the fairness of the proceeding leading to judgment of conviction, which includes ineffective assistance of counsel when it involves a reliance upon federal statutes or their language and interpretation under federal law. Johnson v. Ellingsworth, 783 F.Supp. 215 (D. Del. 1992).

The Lower Court held the petition to the standard of Rule 61(i)(2) repetitive and Rule 61(i)(4) previously adjudicated; and, determined that the claims did not warrant the "interest of justice" review, (Supr. Ct. D.I. # 7; A-6);(A-11 ). The factual findings and the conclusions of law are erroneous. The Lower Court did not have the power to sentence Appellant (Petitioner) as a "predator." State v. Wright, Del. Super. Ct., 653 A.2d 288 (1994).

"Subdivision(i)(4)'s bar on previously litigated claims
is based on the 'law of the case' doctrine. In determining
the scope of the 'interest of justice' exception, there are
two exceptions to the 'law of the case' doctrine: first, the
doctrine does not apply when the previous ruling was clearly
in error or there has been an important change in circum-
stances, in particular, the factual basis for issues previous-
ly posed and, second, the equitable concern of preventing
injustice may trump the 'law of the case' doctrine."
  Weedon v. State, Del. Supr., 750 A.2d 521 (2000)

Because no State Board or panel of experts determined the Appellant
(Petitioner) to be a sexual "predator" the Lower Court Judge lacked
the authority to sentence him as such, so he was clearly in error
to do so and then deny the "interest of justice" exception. Further,
changes in circumstances of the factual basis for conviction and
sentence came to light when alleged victims revealed their perjured
statements and recanted,(Supr. Ct. D.I. # ?; A-22). The Lower Court
did not conduct the required hearing on recantation issues on Rule
61. Weedon. The recantations demonstrate that an innocent person has
been convicted and sentenced, which this Courts prohibits. Weedon;
DRE, Rule 504(a); Super. Ct. Crim. Rules, Rule 61(i)(4); Innocent
Protection Act; Schlup v. Delo, 513 U.S. 298, 324-29 (1995). [18]

The various other actions by counsel, the prosecutor, and Lower
Court Judge mentioned in pages 7 to 11, supra, likewise aid in the
conviction and sentencing of an innocent person.

---

18. Dretke v. Haley, 541 U.S. 386 (2004); Kirk v. Carroll, 243
F.Supp.2d 125 (D. Del. 2003); Johnson v. Carroll, 327 F.Supp. 2d 386
(D. Del. 2004); Glass v. Vaughn, 65 F.3d 13 (3rd Cir. 1995); Sweger
v. Chesney, 294 F.3d 506 (3rd Cir. 2002); Fischetti v. Johnson, 384
F.3d 140 (3rd Cir. 2002); Johnson v. Pinchak, 392 F.3d 551 (3rd Cir.
2004)

31

"Under subdivision(i)(5) of this Rule, certain procedural
bars will not apply to a colorable claim that there was a
miscarriage of justice because of a constituional violation
that has underminded the fundamental legality, reliablity,
integrity, and fairness of the proceedings leading to the
judgment of conviction."
State v. Andrus, Del. Super. Ct., _____A.2d_____ (Mar. 12, 2003)

The promise of counsel for 8 years, the threat by the prosecutor
to bring charges against Appellant and his daughter, the threat by
the Judge; and, the coercive letters from Appellant's daughter and
sister - at the behest of counsel - so overbourne the Appellant's
(Petitioner's) will as to make the accepted plea involuntary, et
cetera. MacDonald at 1074-76. Appellant (Petitioner) would not have
accepted the offered plea had it not been for counsel causing him to
waive his constitutional rights. Webster v. State, Del. Supr., 604
A.2d 1364 (1992); State v. Thomson, Del. Super. Ct., _____A.2d_____
(Apr. 15, 2003).

Counsel presented none of these issues on appeal because he was
laboring under a conflict of interest and was, thus, ineffective and
therefore cause is established. This Court noted the conflict and
referred to counsel as such,(Supr. Ct. D.I. ?; A-18, item 3);(A- 2 ).
This conflict was pointed up to the Lower Court,(Supr. Ct. D.I. # ?;
Memo., Pp. 19,20, incorporated by reference). The Sixth Amendment
guarantees conflict-free assistance of counsel and divided loyalties.
Swan v. State, Del. Supr., 820 A.2d 342 (2003). [19]   Failure to
inquire into this conflict is a Federal question for which(i)(5) is
to be applied. Conyers; Johnson.

_____

19. Lewis v. State, Del. Supr., 757 A.2d 709 (2000); United States
v. Cooper, 672 F.Supp. 155 (D. Del. 1987); Cuyler v. Sullivan, 466
U.S. 335, 348, 350 (1980); Holloway v. Arkansas, 435 U.S. 475, 484-85
(1978)(Court must inquire into conflict)

This Court may review the factual findings and conclusions of law of the Lower Court to determine whether there is sufficient evidence to support those findings, if not, the Lower Court actions must be reversed. Fairfield Bldrs., Inc. v. Vattilina, Del. Supr., 304 A.2d 58 (1973).

(The State motioned to affirm the Lower Court denial of the Rule 61 petition claiming that the face of the Appeal showed no grounds for relief. Petitioner was granted levae to reply; said reply is incorporated by reference to this Point IV, infra.)

1. The Appellee's motion to affirm should not be granted because the Trial Court Judge made erroneous factual findings with respect to several issues (recantation hearing necessity, ineffective assistance of counsel, sentence enhancement based on "predator" status...), he made a number of erroneous conclusions of law with respect to each issue above in violation of clearly established law; and, he abused his discretion with regard each issue as set forth below. Supr. Ct. Rules, Rule 25(a)(i)(ii)(iii); See Rossitto v. State, Del. Supr., 298 A.2d 775 (1972)(must be a unanimous decision that appeal is without merit.).

2. Appellee's assertion that the appeal should not be heard because this Court affirmed Appellant's (Petitioner's) conviction, the Superior Court denied his first postconviction Rule 61; and, he failed to appeal that denial is itself without merit. The appeal (and Rule 61 motion) raises issues of competency with respect to understanding legal issues. Other inmates were taking advantage of

33

his infirmities and abandoned him midstream. However, this is a case of "actual innocence" in which key State witnesses/victims recanted their testimony, and the typical bars do not apply to prohibit this Court from entertaining the appeal. Harris v. State, Del. Supr., 410 A.2d 500, 501-02 (1979); Weedon v. State, Del. Supr., 750 A.2d 521 (2000); Dretke v. Haley, 541 U.S. 386 (2004). The "interest of justice" and "miscarriage of justice" under 61(i)(4)(5) are designed to allow an innocent person to be heard despite the bars whenever jurisdiction or the integrity and fairness of the proceedings undermine the fairness and legitimacy of the conviction. See Kirk v. State, Del. Super. Ct.____A.2d____(Feb. 26, 2004); State v. Andrus, Del. Super. Ct.,____A.2d____(Mar. 12, 2003).

    3. The Trial Court Judge abused his discretion in not providing Appellant (Petitioner) an evidentiary hearing or at least requiring the attorneys to respond via affidavit to the issues of ineffective assistance of counsel. Collins v. State, Del. Supr., 420 A.2d 170 (1980); Horne v. State, Del. Supr.,____A.2d____(Aug. 5, 2005). A motion to affirm cannot be granted if the Trial Court Judge abused his discretion. Supr. Ct. Rules, Rule 25(a)(iii). Ineffective assist-ance of counsel claims cannot be brought for a first time on appeal and should be heard in Superior Court on Rule 61 motion. Palmer v. State, Del. Supr., 832 A.2d 1251 (2003). Not letting Appellant (Petitioner) be fully heard, nor letting the lawyers be heard, to more fully develop the record is a clear abuse of discretion in light of this Court's holdings, supra.

4. The gist of the Appellant's (petitioner's) appeal is that his attorney coerced him into a plea agreement by having his family pressure him, by his counsel letting the DAG threaten the prosecution of his daughter, that the victims recanted their statements and, thus, an innocent person is imprisoned; and, the Judge erroneously enhanced the sentence and will not let Appellant (Petitioner) with-draw the unconstitutional plea. Constitutional issues and findings of record are appropriate for de novo review. Donald v. State, Del. Supr., 903 A.2d 315 (2006); Kurzmann v. State, Del. Supr., 903 A.2d 702 (2006)(prosecutorial misconduct plain error).

The review of Constituional issues, factual findings, and conclus-ions of legal interpretation is the same under State and Federal law. Blinders, Robinson & Co. v. Bruton, Del. Supr., 552 A.2d 466 (1989); Carr v. Town of Dewey Beach, 730 F.Supp. 591 (D. Del. 1990). The Due Process Clause prohibits criminal defendants from being sentenced on basis of information which is either false or lacks an indicia of reliability. Mayes v. State, Del. Supr., 604 A.2d 839 (1992); United State Constitution, Amends. 5,14. This relevant to Legislative/ Sentencing Guidelines. United State v. Moreland, 437 F.3d 424 (4th Cir. 2006), cert. denied, 126 S.Ct. 2054. The Trial Court Judge enhanced Appellant's (Petitioner's) sentence on the erroneous belief that he was categorically a "sexual predator" for which statement there was no reliable information in the record. It requires a State Board/panel of experts to determine one a sexual predator before a Judge may enhance a sentence. 42 USCA § 14071(a)(2)(B)(D)(E) This Court erroneously affrimed the conviction on the "repetitive" offense authority. No State Board certified the Appellant (Petitioner) a

predator; and, the "repetitive" category for enhancement requires
two or more previous, separate offenses. Siple v. State, Del. Supr.,
701 A.2d 79, 84-85 (1997).

    "SENTAC defines 'repetitive' criminal conduct as conviction
or adjudication for the same or similar offense on two or more
previous, separate occasions.
    Under SENTAC guidelines, repetitive criminal conduct is an
aggrevating factor which recognizes that repeat offenders may
deserve a greater range than a first time offender. Repetitive
criminal conduct is a venerable basis in our criminal justice
system for an enhanced punishment within the statutory range
for a specific conviction at issue."
    Id.

    ℒℐℴℒ
This ₍is₎ plain error because Appellant (Petitioner) has one previous
conviction only — not two or more — which means the enhanced sentence
cannot stand under our Constitutions for convicting an innocent man.
United States v. Pruden, 398 F.3d 241 (3rd Cir. 2005)(D. Del.). The
motion to affirm is baseless and should be denied - requiring the
Appellee to brief in response.

Point V

   Petitioner was denied his First, Fifth, Sixth, and
Fourteenth Amendments to the effective assistance of
counsel, fundamentally fair plea agreement process, a
lawful sentencing; and, meaningful Appellate review,
all in violation of the United States Constitution.

(The claims presented in Points I to IV, supra, have been present-
ed to the State Courts as submitted herein and are incorporated to
this Point.)

The underlying issue in this case is that Petitioner is actually
innocent and entitled to postconviction relief out of time, and
despite the procedural bars, because the evidence to prove his claim
was not properly handled by the trial judge, prosecution and defense
counsel - that Petitioner was incompetent to accept the plea, and
denied due process in attempting to withdraw the plea. The Federal
questions of law on all of the issues have been presented to the
State Court, and the conviction does not stand on any independent
State groud adequately supported by sufficient evidence. Bronstein
v, Horn, 404 F.3d 700, 707 (3rd Cir. 2005), quoting, Coleman v.
Thompson, 501 U.S. 722, 729 (1991).

The State Court decisions are clearly contrary to and involve
an unreasonable application of the Federal law; and, for the most
part the decisions contradict Supreme Court precedents. See Williams
v. Taylor, 529 U.S. 362, 405-06 (2000). Under the AEDPA an exception
is granted to State prisoners ordinarily barred by procedural default
if demonstrating the clearly unreasonable State Court decisions.
which Petitioner seeks herein. 28 U.S.C. §§ 2241,2254(d).

37

The Petitioner demonstrated "cause and prejudice" to the State
Courts in that counsel was ineefective at the pretrial, trial, and
appellate stage; and, inmates took advantage of Petitioner in his
effort at his first Rule 61 application and did not appeal the
denial. One of the claims presented to the State Court is that the
Petitioner suffers from mental infirmities. The Due Process Clause
prohibits the conviction and sentencing - as well as procedural
default bars - of the mentally incompetent. United State v. Redman,
446 F.Supp. 2d 487 D.S.C. 2006). Postconviction relief appropriate
in such cases. Harris v. State, Del. Supr. 410 A.2d 500, 501-02
(1979).

   Claims of factual errors in sentencing are reviewed for clear
error. United States v. Wallace, 461 F.3d 15 (1st Cir. 2006). The
Court of Appeals reviews the [Lower]  Court's factfinding at sent-
encing for clear error and its legal interpretation of the sentencing
guidelines de novo. United State v. Paredes, 461 F.3d 1190 (10th
Cir. 2006). For the State Supreme Court to permit a sentencing
judge to base his imposed penalty on the misconception that the
Petitioner is a "sexual predator" and enhance the penalty from the
recommended seven (7) years to thirty-five (35), then change the
word "predator" to"repetitive" and jsutify the sentence is clearly
unreasonable - especially when "repetitive" require two or more
previous offenses and Petitioner has but one. The "sexual predator"
status for sentence enhancement derives from the Federal Statutes.
42 U.S.C.A. § 14071(a)(2)(C)(D)(E). The States must follow those
requirements. The Due Process protection of the Delaware Constitution
is considered to be coextensive with that of the United States

Constituion. <u>Carr v. Town of Dewey Beach</u>, 730 F. Supp. 591 (D. Del.
1990); <u>Blinders, Robinson & Co. v. Bruton</u>, Del. Supr., 552 A.2d 466
(1989).

> "The constitutionality of jury's consideration of
> aggrevating factors is an issue independent of State
> law specifying the factors to be considered."
> <u>Lesko v. Owens</u>, 881 F.2d 44 (3rd Cir. 1989)

The question of whether the trial judge consideration of the term
"sexual predator" to enhance the sentence - when, in fact, the
Petitioner does not meet the category criteria—is one for Federal
review and interpretation. With the State and Federal Due Process
protections being the same it is only reasonable that "A sentence
based on an error in construing or applying the guidelines will be
found unreasonable and vacated." <u>United States v. Curry</u>, 461 F.3d
452 (4th Cir. 2006).

Counsel did not seem to know the law on these matter and failed
to do the required investigations. It is well-settled law that
failure to investigate matters relating to guilt or punishment is
constitutionally unreasonable. <u>United State v. Gray</u>, 878 F.2d 702,
711 (3rd Cir. 1989).   Counsel did not present the 42 U.S.C.A. §
14071 authority nor argue that his client was not only not a "sexual
predator," but he was not a "repetitive" offender for enhancement
according to State sentencing guidelines and Supreme Court precedent.
See <u>Siple v. State</u>,  Del. Supr., 701 A.2d 79, 84-85 (1997). Nor did
he interview the victims, Petitioner's sons, prior to coercing him
into the plea, or even after the boys mail letters of recantation,
which required a hearing, et cetera. Failure to interview available
witnesses is ineffective assistance of counsel. <u>Harris v. Towers</u>,

405 F.Supp. 497 (D. Del. 1974); Gray, supra.

The State Courts merely discounted the claim and the issue of Petitioer's "actual innocence" and applied every procedural default bar possible as opposed to considering the matter in the interest of justice and/or under the miscarriage of justice exception. The State Supreme Court unreasonably held that Petitioner was a sexual "repetitive" offender(when the record speaks the contrary) and then granted the Respondent's motion to affirm which claimed that the face of the appeal revealed no claim for relief. The allegation of being actually innocent opens the window to be heard, and the procedural bars normally applied are relaxed, which the State Courts ignored. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Hubbard v. Pinchak, 378 F.3d 333, 338 (3rd Cir. 2004).

Prosecutorial misconduct and Judicialsconduct are plain errors and may be reviewed by the State and Federal Court despite the usual bars and procedural default prohibitions.Convictions based on false evidence that the prosecution knows to be perjured and does not move to correct it cannot stand. Napue v. Illinois, 360 U.S. 264, 269 (1959). The interest of justice and miscarriage of justice exceptions require that the claim be heard despite procedural defaults and bars. See Robinson v. Arvonio, 27 F.3d 877, 883 (3rd Cir. 1994). The Judicial misconduct is subject to Federal review under the same exceptions, which the Petitioner requests this Court to do in light of the ineffective assistance of counsel and abuse of jailhouse lawyers and untrained inmate worker in the law library who do not help, but merely advise, which is meaningless because Petitioner is incompetent. Stevenson v. State, Del. Supr., ____A.2d____ (   ), citing, In re

Murchin, 349 U.S. 133, 136-39 (1955).

The Delaware Supreme Court Justices recently acknowledged that convictions premised upon perjured testimony cannot Constitutionally stand; and, are subject to being set aside for a new trial via Rule 61 motion. Chao v. State, No. 475, 2004, at 3, 6/20/07,(en banc). The Court went further and said pointedly: "...we will not withhold justice because of the possible repercussions from a correct application of the law." Id. at 6. The same Court recognized that untimely motions are excusable in "the interest of justice" and to prevent a "miscarriage of justice." Kirk v. State, Del. Supr., 2005 Del. LEXIS 528, No. 12, 2005, at *3 (Dec. 23, 2005). However, that very same Court upheld the Superior Court denying due process via not conducting a hearing on the matter of victims' recanting their perjured testimony; and, not excusing untimely postconviction motions, which it stated it would do despite the possible repercussion of a correct application of the law. The Petitioners conviction rests on perjured statements that both the attorneys and Judge failed to request a hearing on when it was brought to their attention. The Trial Court Judge and Supreme Court Justices erroneously excused away the requirements of the Due Process Clause hearing by saying "this present action is procedurally barred...under ule 61(i)(4)...also as being repetitive Motion under 61(i)(2)....I find that none of these claims are warranted in the interest of justice;" and, "This claim was also addressed in Dailey's first postconviction motion. It is , therefore, proceduraaly barred in this proceeding, and there is no evidence of a constitutional violation that would permit  our consideration of the claim notwithstanding the procedural bar. The Superior Court cannot be faulted for failing

41

to schedule an evidentiary hearing to consider Dailey's sons'
recantations in the absence of any evidence that there was reason
to question the veracity of their trial testimony," (A-11,15). The
Superior Court record is replete with evidence. The boys confessed
to other family members and sent statements to the sitting Judge
saying that their statements were false and motivated by the gifts
of a disgruntled mother bent on sending their father to prison,(Super.
Ct. D.I. # 73; A-71,72);(Supr. Ct. D. I. # ?,A-22). How can evidence
from the witnesses and victims be more fully presented to the Court
when all three Court officials responsible for conducting a hearing
on the information in the letters of recantation ignored the law as
set forth in Weedon v. State, Del. Supr., 750 A.2d 521 (2000)(the
interset of justice requires postconviction relief for recantation of
testimony known to be perjured). "Court should evaluate credibility
of statements by the witnesses whose testimony formed basis of
prosecution's case, even if made after trial." Daniels v. Pipefitters
Ass'n. Local Union No. 597, 983 F.2d 800 (7th Cir. 1993). See Napue v.
Illinois, 360 U.S. 264, 269 (1959); Robinson v. Arvonio, 27 F.3d 877,
883 (3rd Cir. 1994). The Court officaials passed the buck on these
recanted statements, failed to conduct a hearing to develop the facts,
made a factual determination in a vacuum contrary to Third Circuit
authority; and, procedurally barred an innocent man so that he remains
in prison upon testimony said to be knowingly perjured. See Artway v.
Attorney General of the State of N.J., 81 F.3d 1235, 1250 (3rd Cir.
1996)(prohibition against making determinations in factual vacuum, or
without a hearing in accordance with the Due Process Clause); Schlup
v. Delo, 513 U.S. 298, 324, 329 (1995)(actual innocence surpasses
procedural bars).

Conclusion

The Petitioner prays that this Court will issue a writ of Habeas corpus discharging him from the unconstitutional conviction and sentence; and, to order such other relief as the Court deems just and appropriate in light of the facts and law.

Dated: July 16, 2007.

Donald L. Dailey Sr
Donald L. Dailey, Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

43



DONALD BAILEY SR.
OLC
1181 PADDOCK RD
SMYRNA, DE 19477

PARCEL POST

CLERK
UNITED STATES DISTRICT COURT
844 NORTH KING ST
WILMINGTON, DE 19801

U.S. POS
SHIPPING
JUL 20 2007
PAID
AMOUNT
$3.05