IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD L. DAILEY, SR.,  )
    Petitioner,  ) NO.: 07cv462
 )
v.  ) Related Lower Court Numbers:
 )
THOMAS CARROLL, Warden,  ) Super. Ct. 0210012813
    Respondent.  ) Supr. Ct. 490, 2006
 )
 )



EVIDENTIARY HEARING REQUESTED

APPENDIX

---

This is the Petitioner's Appendix of exhibits in support of his Application for A Writ of Habeas Corpus submitted on this 16th day of July, 2007.

---

Donald L. Dailey, Sr.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware  19977

Exhibits                                                         Page

1. Supreme Court Direct Appeal Order, 2004                        A-1
2. Superior Court First Postconviction Order, 2005                A-6
3. Superior Court Second Postconviction Order, 2006               A-10
4. Supreme Court Second Postconviction Appeal Order, 2007         A-12

#23

FILED

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD L. DAILEY | § | No. 438, 2003 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below – Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr.A. No. 0210012813 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 12, 2004
Decided: March 4, 2004

Before **HOLLAND, BERGER** and **STEELE**, Justices.

## ORDER

This 4th day of March 2004, having considered the contentions set forth in the briefs of the parties on appeal, it appears to the Court that:

(1) The defendant-appellant, Donald L. Daley ("Dailey"), was charged with nine counts of Rape in the First Degree, without consent, and nine counts of Conspiracy in the First Degree arising out of incidents involving his two sons. On August 6, 2003, Dailey pleaded no contest to three counts of Rape in the Third Degree. At Dailey's request, he was sentenced the next day. Notwithstanding the recommendations of a seven-year sentence by both the prosecutor and defense counsel, the Superior

Court judge sentenced Dailey to 35 years, with credit for 289 days. After serving fourteen years incarceration at level V, the balance of the incarceration sentence was to be suspended for 21 years at decreasing levels of supervision.

(2) The factual basis for Dailey's pleas are reflected in the record. According to the statements of his sons and former girlfriend, Deborah BeMiller, BeMiller had sexual intercourse with Dailey's sons, Donald, Jr., age 15, and Jason, age 14, at Dailey's request. She had vaginal and oral intercourse with the two boys. On some occasions, Dailey would watch. On one occasion, BeMiller had oral sex with Dailey while she was having vaginal intercourse with Donald, Jr. There were no allegations that Dailey ever touched his sons in any way.

(3) On September 8, 2003, Dailey timely filed his appeal *pro se*. This Court directed conflict counsel to perfect the appeal. Dailey has raised only one issue in this direct appeal. Dailey argues that the Superior Court judge abused his discretion in sentencing Dailey outside of the guidelines and joint recommendations of the State and defense counsel, and that the judge exhibited a closed mind.

A-2

(4) This Court reviews the sentencing of a criminal defendant pursuant to an abuse of discretion standard.[1] "Appellate review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[2] In this case, the minimum possible sentence Dailey could have received for three class B felony offenses was six years and the maximum sentence was sixty years incarceration at Level V.[3] Accordingly, Dailey's sentence fell within the statutory limits. When a sentence is within the statutory limits, "this Court will not find an abuse of discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind."[4]

(5) Dailey contends that the sentencing judge both relied on impermissible factors and exhibited a closed mind. Dailey's argument is based upon the following comments that were made by the judge at the time Dailey's sentence was imposed:

> This is a nolo case. I have had the opportunity to study the presentence report. The evidence against you is extremely strong, sir. Your two sons have given statements against you. A woman who at one point was close to you has given statements against you, given statements that also incriminates [sic] her and has resulted in her incarceration. It is what I

---

[1] *Walt v. State*, 727 A.2d 836, 840 (Del. 1999).
[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992) (quoting *Ward v. State*, 567 A.2d 1296, 1297 (Del. 1989)).
[3] *See* Del. Code Ann. tit. 11, §§ 771, 4205(b)(2).
[4] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

3

A-3

would characterize, in my experience, a strong case involving tragic and bizarre conduct; tragic and bizarre conduct which has resulted in the incarceration of your co-defendant. And you never know why people do things, I don't think, but your children, from all counts, those two boys, have been significantly and negatively impacted by your behavior.

In 1993, you were involved in a conviction involving a 15-year-old. My recollection is that you did not take responsibility for that and said you were framed. At your hands, there are now three juveniles, as they have gown older, but three juveniles have been abused by your conduct. There are aggravating factors. I pulled this thing out and went through it pretty thoroughly. This is an offense against a child. This is a prior violent criminal conduct of a similar nature in that it is violent conduct against a child. You do not have to be the one that touched your boys. You got your kicks from having something weird done with your boys and girlfriend. These are B felonies with a range of two to 20 years each. Two years must be a given. The guidelines range from two to ten years. These are pretty wide guidelines.

I have taken into consideration and thought long and hard about the recommendations that have been made, because I consider those recommendations very weighty, coming from both the State and the defense in the negotiation process. But in this case, I cannot follow the recommendation, Mr. Dailey, because my concern is that people who are involved in unusual, or I will say unusual sex with others, and those others are minors that are unable to consent, if you have done it once, you will probably do it again. If you have done it twice, the likelihood and probability goes much, much higher.

Part of my responsibility, since these are violent crimes, is to protect the community from sexual predators, and I think you are a sexual predator. You go about it in a different way.

(6)   The record reflects that, rather than exhibiting a closed mind, the Superior Court judge carefully considered the record, the presentence

4

report and the parties' recommendations in determining the sentence to be imposed. There is no basis in the record to support Dailey's assertion that the sentence imposed by the trial judge was "based on preconceived bias without consideration of the nature of the offense or character of the defendant."[5]

(7) The record also does not support Dailey's assertion that the judge considered an improper factor in sentencing Dailey. Dailey argues that there was no evidence to support the sentencing judge's characterization of Dailey as a "sexual predator." The Superior Court judge's reference to Dailey as a "sexual predator" was based upon the nature of the crimes for which Dailey was being sentenced and Dailey's criminal record. Those circumstances were proper factors to consider.[6]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgments of the Superior Court be, and the same hereby is, AFFIRMED.

BY THE COURT:

/s/ Randy Holland
Justice

---

[5] *Ellerbe v. State*, 2000 WL 949625, *1 (Del. May 11, 2000) (ORDER).
[6] *Id.*

5



SUPERIOR COURT
OF THE
STATE OF DELAWARE

FILED
06 JUL 18 AM 9:31
PROTHONOTARY
SUSSEX CO.

T. HENLEY GRAVES
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

June 28, 2005

N440
Donald L. Dailey
SBI No. 00257458
Sussex Correctional Institution
P. O. Box 500
Georgetown, DE 19947

**RE:  Defendant ID No. 0210012813**

Dear Mr. Dailey:

On June 6, 2005, you filed a Motion for Postconviction Relief. I have had the opportunity to study it and this is my decision denying your Motion.

## BACKGROUND

On August 7, 2003, you were sentenced to a period of incarceration of 35 years. After serving 14 years at Level V, the balance was suspended for probation. This sentence arose out of a no contest plea to three counts of rape in the 3rd degree.

You filed an appeal attacking the sentence. The sentence was affirmed by the Supreme Court of the State of Delaware. *Dailey v. State*, 2004 Del. LEXIS 110 (Del., 2004).

## STATE'S ALLEGATIONS

The facts on which your plea was based are quite unusual. You were charged with the rape of your two boys by participating in, and having your, girlfriend have sexual intercourse with your teenage sons. She admitted to this and eventually was sentenced to incarceration for her participation.

Because of the impact on your boys and your prior conviction involving a sex crime against a minor child, the aforementioned sentence was imposed.



Donald L. Dailey
Page 2
June 28, 2005

## **MORE PROCEDURAL BACKGROUND**

On April 25, 2003, you appeared before the Court and entered a guilty plea based upon accomplice liability to four counts of rape in the 3rd degree. You had been placed under oath and a full colloquy took place with Judge Bradley. Under oath you acknowledged culpability as an accomplice.

After the entry of your plea, but prior to sentencing, you moved to withdraw your guilty plea, citing family pressures had forced you into entering the guilty plea. There were allegations of much family turmoil and there were recantations. Needless to say, the allegations and your guilty pleas had created much stress in your family.

On August 1, 2003, I granted your application to withdraw your guilty plea, but warned you that in granting your relief, you may have been jumping from the frying pan into the fire based upon the presentence investigation which had been completed by the Court. The State's case was based on admissions by your former girlfriend who was prepared to testify. Also whether reluctant witnesses or not, the State was prepared to have your boys testify.

You desired to go to trial and the case was set down for a final case review the following week, which was August 6, 2003. At that time, you entered a no contest plea to three charges of rape in the 3rd degree.

Because of the aforementioned history, a plea colloquy was conducted which was more extensive than a normal colloquy. In same you advised that you were satisfied with your attorney and had had enough time to consult with him. You also reported you had no complaints about how your attorney had done his job. You advised that you were not being forced to enter the plea by your attorney nor anyone else on earth. There was also a full discussion about your earlier desire to withdraw the original guilty plea and proceed to trial. You reported that it was your own personal decision that you no longer wanted to go to trial. You were made aware that by accepting your no contest plea, that was going to be the end of it. We had a full discussion concerning your trial rights. You were made aware that there was a sentencing recommendation, that the Court was not bound by that recommendation, and that you would not be able to change your mind if you receive a sentenced higher than the recommendation. You reported that you understood that.

Since it was a no contest plea, the State made a proffer as to the testimony of its witnesses, including your co-defendant and former girlfriend and the statements that your boys made to the interview at the Child Advocacy Center which was videotaped. Again, the allegation was not that you touched your boys but that you arranged for your girlfriend to have sexual intercourse with each of them while you watched and sometimes participated in sexual relations with your girlfriend. You acknowledged that you were familiar with the State's case



A-7

Donald L. Dailey
Page 3
June 28, 2005

and had discussed it with your attorney. You acknowledged that if these witnesses were found to be credible by the jury, that there was a basis for you to be found guilty of these charges if you proceeded to trial.

I then asked you if there was any reason I should not accept the guilty plea, for you should speak now or forever hold your peace. You reported that there were no reasons I should not accept the guilty plea. You reported that this is what you wanted to do. I accepted the guilty plea and deferred sentencing to the next day.

On August 7, I noted the devastation that your conduct had created with your family and the prior record for a sex offense concerning a minor. The recommendation was seven years but I believed 14 years was more appropriate. The Supreme Court affirmed your sentence.

## **RULE 61 GROUNDS**

In your Rule 61 application, you make the following allegations.

Ground 1    Coerced confession/ testimony "negative influence on sons from their mother against their father. Mother promised to buy gifts for sons in return for their testimony against father.

Ground 2    Effective (sic) assistance of counsel. Counsel have failed to acknowledge recanted transcripts from sons. Counsel had Donald Dailey, Sr.'s family members write letters to Mr. Dailey, Sr., in Court the day of final case review, which resulted in Mr. Dailey to be mentally persuaded into changing his decision on going to trial.

Ground 3    Suppression of favorable evidence. "Letters from sons and family members were acknowledged as evidence. Witnesses were not questioned about recanted testimonies. Mother's background was not investigated to see if she has a pattern (of) falsely accusing father before. Co-defendant (Be-miller's) plea bargain for testimony against Donald Dailey, Sr."

You attached to your Motion much correspondence, most of it predating the entry of your plea, concerning the turmoil within your family, the accusations concerning the mother of your boys, and their recantations. These issues were known at the time you decided to enter your plea.

A-8

Donald L. Dailey
Page 4
June 28, 2005

    Therefore, I find that this information did not create an unjust result because you knew of it at the time you entered your plea in this Court. Instead of going to trial on six counts of rape, you chose to accept the plea to three counts of rape in the 3rd degree.

    What you are basically asking me to do is once again allow you to withdraw your guilty plea based upon information known at the time the guilty plea was entered. I made you fully aware of the finality of the guilty plea and you acknowledged same. But you wish to use these allegations concerning your relationship between your boys' mother and you as well as their recantations to avoid the guilty plea. This is deja vu all over again. At some point in time, a case and an individual's actions on same must be considered final. I find that your allegations, in light of the history of the case, do not warrant the relief you seek and the Motion is denied.

**IT IS SO ORDERED.**

Yours very truly,

T. Henley Graves

THG:baj
cc:   Prothonotary
       Department of Justice

### SUPERIOR COURT
#### OF THE
### STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

July 25, 2006

N440 - State Mail
Donald L Dailey, Sr.
SBI NO. 00257458
Sussex Correctional Institution
P. O. Box 500
Georgetown, DE 19947

    RE:   Defendant ID No. 0210012813 (R-2)

Dear Mr. Dailey:

    On July 18, 2006, you filed your second Motion for Postconviction Relief. It is 38 pages in length and has a 138 page Appendix. After studying same, I have determined that it must be denied.

    This is your second Motion for Postconviction Relief. Your first Motion for Postconviction Relief was denied by decision of this Court on June 28, 2005. It sets forth the history of the case which does not need to be repeated in this decision. It also notes that you had previously filed an appeal with the Delaware Supreme Court attacking the sentence you received as to the three counts of rape in the 3rd degree. Your sentence was affirmed. *Dailey v. State*, 2004 Del. Lexis 110 (Del., 2004). I incorporate the Supreme Court's history of the events also for purposes of this decision.

    In your first Rule 61 application, you made an assortment of allegations such as ineffective assistance of counsel, attacks concerning recanted transcripts from your sons, allegations that confessions and/or statements had been coerced, allegations that your ex-wife, the mother of your children, had promised them gifts in return for testimony against you, that there was insufficient investigation and suppression of favorable evidence, such as the witnesses were not questioned about recantations, and that their mother's background was not investigated to see if she has a pattern of false accusations against the Defendant. That Motion for Postconviction Relief as aforestated was denied on June 28, 2005. There was no appeal taken to the Delaware Supreme Court as to that ruling.

A-10

Donald L. Dailey, Sr.
Page 2
July 25, 2006

In your present Motion for Postconviction Relief, you attack the attorney that was privately retained as well as the Court-appointed attorney who subsequently took over the case. You also attack the prosecutor. And finally you attack the Court, including matters that were resolved in your direct appeal to the Supreme Court.

## PROCEDURAL BAR

This present action is procedurally barred for two reasons. You have made these complaints before and they were adjudicated by way of the appeal to the Delaware Supreme Court and this Court's ruling on June 28, 2005. Because of the former adjudication, they are barred under Rule 61(i)(4).

They are also barred as being a repetitive Motion under Rule 61(i)(2). To the extent you seek to build on your previous allegations and embellish same with new allegations, I find that by not asserting all grounds for relief in the first Motion, you are procedurally barred from attempting to raise new claims.

For the reasons set forth in my decision of June 28, 2005, I find that none of these claims are warranted in the interest of justice. There should be closure in this case; and therefore your Motion is denied as being procedurally barred.

**IT IS SO ORDERED.**

Yours very truly,

T. Henley Graves

THG:baj
cc:   Prothonotary
      Department of Justice

A-11

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DONALD L. DAILEY, SR., | § |
| | § No. 490, 2006 |
| Defendant Below- | § |
| Appellant, | § |
| | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for Sussex County |
| STATE OF DELAWARE, | § Cr. ID No. 0210012813 |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: January 2, 2007
Decided: February 5, 2007

Before **BERGER**, **JACOBS** and **RIDGELY**, Justices.

## ORDER

This 5th day of February 2007, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a),[1] it appears to the Court that:

(1)   The defendant-appellant, Donald L. Dailey, Sr., filed an appeal from the Superior Court's July 25, 2006 order denying his second motion for postconviction relief pursuant to Superior Court Criminal Rule 61 and the Superior Court's August 16, 2006 order denying his motion for reconsideration. The plaintiff-appellee, the State of Delaware, has moved to

---

[1] The Court also has considered the appellant's response to the State's motion to affirm, which was filed with the Court's permission. Supr. Ct. R. 25(a) (iii).



affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[2] We agree and affirm.

(2) In August 2003, Dailey pleaded no contest to three counts of Rape in the Third Degree. The charges arose from incidents involving Dailey's two minor sons, who were forced to engage in sexual intercourse with Dailey's girlfriend while he either watched or participated. He was sentenced to 35 years of Level V incarceration, with credit for 289 days, to be suspended after 14 years for 21 years at decreasing levels of supervision. This Court affirmed Dailey's convictions and sentences on direct appeal.[3]

(3) In this appeal, Dailey claims that the Superior Court erred and abused its discretion by: a) enhancing his sentences based upon an erroneous factual finding; b) denying his postconviction motion without requiring his counsel to respond; and c) failing to hold an evidentiary hearing to consider his sons' recantations of their statements.

(4) Dailey's first claim is that the Superior Court based its sentences on an erroneous factual finding. Specifically, Dailey argues that the judge improperly enhanced his sentence after erroneously finding him to be a "sexual predator." The record reflects that this issue was previously

---

[2] Supr. Ct. R. 25(a).
[3] *Dailey v. State*, Del. Supr., No. 438, 2003, Holland, J. (Mar. 4, 2004).

2

A-13

postconviction motion,[8] we find no error or abuse of discretion on the part of the Superior Court in summarily denying Dailey's second postconviction motion without requiring a response from his counsel.

(6) Dailey's third claim is that the Superior Court failed to hold an evidentiary hearing to consider his sons' recantations. This claim also was addressed in Dailey's first postconviction motion. It is, therefore, procedurally barred in this proceeding,[9] and there is no evidence of a constitutional violation that would permit our consideration of the claim notwithstanding the procedural bar.[10] The Superior Court cannot be faulted for failing to schedule an evidentiary hearing to consider Dailey's sons' recantations in the absence of any evidence that there was reason to question the veracity of their trial testimony.

(7) Finally, because there was no error or abuse of discretion on the part of the Superior Court in denying Dailey's claims, there was accordingly no basis for the Superior Court to grant Dailey's motion for reconsideration. We, therefore, find that claim likewise to be without merit.

(8) It is manifest on the face of Dailey's opening brief that the appeal is without merit because the issues presented on appeal are controlled

---

[8] Super. Ct. Crim. R. 61(i) (4).
[9] Id.
[10] Super. Ct. Crim. R. 61(i) (5).



A-14

decided in Dailey's direct appeal. There, this Court determined, first, that Dailey's sentence was within the statutory limits and, second, that the sentencing judge did not rely on impermissible factors when sentencing Dailey.[4] This Court held that "[t]he . . . judge's reference to Dailey as a 'sexual predator' was based upon the nature of the crimes for which Dailey was being sentenced and Dailey's criminal record. Those circumstances were proper factors to consider." We, thus, conclude that Dailey's first claim is procedurally barred as formerly adjudicated.[5] Moreover, we find no evidence of a constitutional violation that would permit our consideration of the claim notwithstanding the procedural bar.[6]

(5)   Dailey's second claim is that the Superior Court improperly denied his postconviction motion without requiring his counsel to respond. In the case of a postconviction motion that alleges ineffective assistance of counsel, "[t]he [Superior Court] judge may direct the lawyer who represented the movant to respond to the allegations."[7] Directing counsel to respond is, thus, a matter of the Superior Court's discretion and is not mandatory. In light of the fact that the grounds for Dailey's current ineffective assistance of counsel claim were already addressed in his first

---

[4] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[5] Super. Ct. Crim. R. 61(i) (4).
[6] Super. Ct. Crim. R. 61(i) (5).
[7] Super. Ct. Crim. R. 61(g) (2).



A-15

by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Jach B. Jacobs
Justice

Donald Smiley Sr.
OCC
1181 Paddock Rd
Smyrna, DE 19977

PARCEL POST

Clerk
United States District Court
844 North King St
Wilmington, DE 19801