IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. DAILEY, SR.,              ) | |
|                                                          ) | |
|                 Petitioner,             ) | |
|                                                          ) | |
|         v.                                          ) | Civ. Act. No. 07-462-JJF |
|                                                          ) | |
| THOMAS L. CARROLL,[1] et al.,  ) | |
|                                                          ) | |
|                 Respondents.         ) | |

**ANSWER**

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

Facts

Between July 1, 2001 and July 1, 2002, Donald L. Dailey, Sr., arranged for his paramour, Deborah BeMiller, to engage in both vaginal and oral sexual intercourse with Dailey's two teenage sons (ages fourteen and fifteen at the time). On some of these occasions, Dailey would watch the sexual relations. On one occasion, BeMiller performed fellatio on Dailey while one of Dailey's sons simultaneously engaged in vaginal intercourse with BeMiller.

Procedural History[2]

On October 23, 2002, Delaware state police arrested Donald L. Dailey, Sr. (D.I. 1). On January 13, 2003, the Sussex County grand jury indicted Dailey on the following charges: nine counts of rape in the first degree (11 *Del. C.* § 773); and nine counts of conspiracy in the first degree (11 *Del. C.* § 513). (D.I. 3). On April 25, 2003, Dailey

---

[1] Elizabeth Burris is Acting Warden of the Delaware Correctional Center, the facility at which Dailey is incarcerated.
[2] All references ("D.I.__") in this section are to Superior Court docket case number ID 0210012813.

entered a guilty plea to four counts of rape in the third degree, in exchange for which the prosecution agreed to dismiss the balance of the charges. (D.I. 11). On June 11, 2003, Dailey moved to withdraw his guilty plea. (D.I. 12). On August 1, 2003, Superior Court granted Dailey's motion to withdraw his guilty plea. (D.I. 20). On August 6, 2003, Dailey entered a guilty plea to three counts of rape in the third degree (11 *Del. C.* § 771), in exchange for which the prosecution agreed to dismiss the balance of the indictment. (D.I. 21). On August 7, 2003, Superior Court sentenced Dailey to a total of 35 years at level V incarceration, suspended after serving 14 years for decreasing levels of supervision. (D.I. 22). Dailey appealed the sentence of Superior Court. On March 4, 2004, the Delaware Supreme Court affirmed the judgment of Superior Court. *Dailey v. State*, No. 438, 2003, Holland, J. (Del. March 4, 2004).

On April 4, 2005, Dailey filed a motion for sentence modification. (D.I. 59). On April 8, 2005, Superior Court denied Dailey's motion. (D.I. 60). On June 6, 2005, Dailey filed a motion for post-conviction relief. (D.I. 64). On June 28, 2005, Superior Court denied the motion. (D.I. 65). On October 7, 2005, Dailey filed his second motion for sentence modification. (D.I. 66). On October 14, 2005, Superior Court denied Dailey's motion. (D.I. 67). On May 9, 2006, Dailey filed his third motion for sentence modification. (D.I. 70). On May 16, 2006, Superior Court denied the motion. (D.I. 71). On July 18, 2006, Dailey filed his second motion for post-conviction relief. (D.I. 73). On July 25, 2006, Superior Court denied the motion. (D.I. 74). On July 28, 2006, Dailey filed his fourth motion for sentence modification. (D.I. 75). On August 16, 2006, Superior Court denied the motion. (D.I. 77). Dailey appealed Superior Court's denial of his second motion for post-conviction relief. The Delaware Supreme Court affirmed the

judgment of Superior Court. *Dailey v. State*, No. 490, 2006, Jacobs, J. (Del. Feb. 5, 2007).

Dailey filed the instant petition for writ of habeas corpus and memorandum in support thereof on July 24, 2007.

<u>Argument</u>

In his petition, Dailey has alleged four grounds for relief: (1) that he received ineffective assistance of counsel that coerced him into pleading guilty; (2) that the prosecutor committed misconduct and coerced him to plead guilty; (3) that Superior Court coerced him to plead guilty; (4) that Superior Court committed errors in its factual finding and conclusions of law when it decided his motion for post-conviction relief.

Dailey's petition must be dismissed as being untimely under 28 U.S.C. § 2244(d). "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Delaware Supreme Court affirmed Dailey's direct appeal of his sentence on March 4, 2004. Following that decision, Dailey had ninety days in which to file a petition for certiorari in the United States Supreme Court. *See Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999). Dailey failed to file a petition for certiorari within ninety days of the denial of his direct appeal. Thus, the one-year period for the filing of any federal habeas petition by Dailey began to run on June 2, 2004. Dailey filed his first motion for post-conviction relief under Rule 61 on June 6, 2005. When Dailey filed his first motion for post-conviction relief, the entire 365 days of the one-year period had already run.

Dailey's motion for post-conviction relief could not toll a limitations period that had expired.  The motion for reduction of sentence that Dailey filed on April 4, 2005 did not statutorily toll the limitations period.  Dailey's motion amounted to a plea for leniency under Superior Court Criminal Rule 35(b).  The Third Circuit has recently held that a Rule 35(b) motion does not have the effect of tolling the limitations period set forth in 28 U.S.C. § 2244(d)(1).  *Hartman v. Carroll*, 492 F.3d 478, 484 (3d Cir. 2007).

A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court; Dailey's petition states that he placed his petition in the prison mailing system on July 24, 2007.  (D.I. 1).  In the absence of proof respecting the date of delivery, that date is the presumptive date the petition was delivered to prison officials for mailing.  *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002).  Dailey's petition, filed July 24, 2007, is thus untimely under section 2244(d).  *See Woods*, 215 F.Supp.2d at 460.

Dailey cannot save his untimely petition by invoking the doctrine of equitable tolling, as that doctrine only applies when: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).  Dailey asserts that his petition should not be denied as untimely because he is actually innocent, he did not understand legal procedure, he was taken advantage of by jailhouse lawyers, inmates in the prison law library do not render meaningful assistance, the judge and both counsel conspired to coerce him to plead guilty, and he was mentally incompetent.  (D.I. 1 at 13-

14). Dailey's conclusory allegations do not make out any basis for equitable tolling. First, the fact that Dailey pursued state post-conviction remedies and efforts to modify his sentence defeats any notion that an alleged mental incompetencey prevented him from timely seeking federal habeas relief. *See, e.g., Smith v. Saffle*, 28 F. App'x 759 (10th Cir. 2001). In turn, Dailey's ignorance of the law and actions of jailhouse lawyers are insufficient to warrant equitable tolling. *See, e.g., Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *United States v. Cicero*, 214 F.3d 199, 204 (D.C. Cir. 2000).

Although Dailey's petition must be dismissed as untimely, the Court's order directs Respondents to address the issue of exhaustion. A state prisoner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). Liberally reading Dailey's claims, it appears that he has presented all four claims to the Delaware Supreme Court, and thus he has exhausted his state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Smith v. Digmon*, 434 U.S. 332 (1978). After finding that a petitioner has exhausted state remedies, however, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989).

1. Dailey did present his first claim, that he received ineffective assistance of counsel that coerced him into pleading guilty, to the Delaware Supreme Court. Dailey presented this to the Delaware Supreme Court on the appeal from the denial of his second motion for post-conviction relief. Dailey thus exhausted this issue in state court. The Delaware Supreme Court did not, however, reach the merits of the claim because Dailey had previously raised the issue in his first motion for post-conviction relief (which he did not appeal) and denied the claim as procedurally barred under Superior Court Rule 61(i)(4). As a result, Dailey's claim of ineffective assistance of counsel is exhausted, but procedurally defaulted. *See, e.g., Kennedy v. Kearney*, 1996 WL 534877, *2 (D. Del. 1996). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Dailey cannot demonstrate that anything prevented him from appealing the denial of his first motion for post-conviction relief.

2. Dailey's second and third claims, that the prosecutor and the Superior Court both coerced him to plead guilty, are likewise procedurally defaulted. Liberally read, Dailey presented these claims to the Delaware Supreme Court on the appeal from Superior Court's denial of his second motion for post-conviction relief. The Delaware Supreme Court did not address these claims because Dailey could have raised them in his direct appeal, but did not. Nor did Dailey raise them after Superior Court denied his first motion for post-conviction relief. As a result, Dailey's coerced guilty plea claims are

6

procedurally defaulted, and this Court may not reach the merits of those claims. *See Coleman*, 501 U.S. at 750-51; *Lines*, 208 F.3d at 160.

The contents of Dailey's plea colloquy demonstrate that his guilty plea was not coerced and prevent any finding that a miscarriage of justice has taken place that would permit this Court to consider the merits of his procedurally defaulted claims:

> The Court: Of relevance here, Mr. Dailey are three charges, Counts 1, 2, and 7. And I'll let Mr. Adkins, in a moment, give me a nutshell as to the testimony for purposes of the record. But I'm going to ask you some questions. We are going to go through the process of the plea process, similar to what you did before Judge Bradley some months ago. And, therefore, I want you to understand that I'm now placing you under oath. Do you understand that, and affirm that you are going to answer me honestly and truthfully under penalty of perjury?
>
> The Defendant: Yes, sir, Your Honor.
>
> The Court: A plea of guilty, whether by admission, no contest, or a Robinson plea, where you specifically don't acknowledge your involvement, are all forms of—they are all guilty pleas. They are treated by the public as guilty pleas, and they are treated by the Department of Corrections, as the courts, as guilty pleas, and one is sentenced as if one had been found guilty by a jury, or pled guilty. Do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: The only difference in this plea and a regular plea is that you are not admitting that you did those things, but you are not contesting the State's ability to be able to prove this to a jury as to these three counts. Do you understand that?
>
> The Defendant: Yes, sir.
>
> The Court: Have you had any alcohol, drugs, or medication in the last 24 hours?
>
> The Defendant: No, sir.
>
> The Court: Any history of mental illness?
>
> The Defendant: No, sir.

The Court: Are you satisfied with your lawyer?

The Defendant: Yes, sir.

The Court: Have you had enough time to consult with your lawyer?

The Defendant: Yes, sir.

The Court: Any complaints about how Mr. Brady has done his job?

The Defendant: No, sir.

The Court: So you thought about this, and you originally had filed a pro se motion, and you said you wanted to go to trial. I thought about this more. I told you Friday I would let you go to trial if that is what you wanted, but you should really be thinking about this and make a decision. Today was the day for final case review. Is this your personal decision that you no longer wish to go to trial?

The Defendant: Yes, sir.

The Court: You understand we are going to write this in stone today. We are not going to change our minds back and forth, willy-nilly, depending on what the weather is. I am not saying that you have done that. I am just saying now is the time to tell me this is what you want to do, or this is what you don't want to do. You are saying you want to enter this plea?

The Defendant: Yes, sir.

Mr. Brady: Your Honor, not to interrupt, but to just make the record complete, I filed the motion under his direction to withdraw the guilty plea. I have been accused of many things. He sent a letter also.

The Court: He sent some additional letters, and I may be thinking of that, Mr. Brady. Thank you. By pleading guilty, no contest, you are never ever going to have a trial. Therefore, you give up the right to be presumed innocent until the State can establish your guilt beyond a reasonable doubt, to a jury of twelve citizens of Sussex County. For the jury to reach a verdict, all twelve have to be in unanimous or complete agreement. Simply put, to find you guilty, twelve jurors have to, all twelve jurors, have to be satisfied that the State has proven you guilty beyond a reasonable doubt to overcome your presumption of innocence. To find you not guilty, twelve jurors have to agree that you are not guilty.

If all twelve jurors can't agree, then it's ultimately decided to be a hung jury. Nobody prevails. The case goes back on the calendar, if that's what the State decides to pursue. In other words, the State pursues another trial. The State is permitted to do that. You have the assistance of an attorney throughout the process. You have the right to a speedy and public trial. At trial, each of the State's witnesses, which I presume would be—I'm going to let the State go—would be the complaining witness, and the ex-girlfriend, co-defendant, and any other witnesses would be brought into the courtroom in your presence, the presence of the jury, given an oath, swear to tell the truth, asked questions subject to questioning, cross-examination by your lawyer. You have the opportunity, though not the requirement, to put on witnesses, and to get your witnesses, the sheriff will go out and subpoena, bring in your witnesses, whether they want to come or not, just like the State's witnesses. You can testify. If you don't want to testify, no one, not even the judge, can force you to testify. If you don't want to testify, the jury is instructed that they cannot use a decision on your part not to testify in any way against you. The prosecutor can't use that in closing argument saying, "Well, you didn't hear from him, so he must be guilty." He is not allowed to say anything. Do you understand that?

    The Defendant: Yes, sir.

    The Court: All these rights are given up and waived, including the right to appeal this case to Delaware Supreme Court, with the benefit of a lawyer, should you be found guilty. Do you understand those rights?

    The Defendant: Yes, sir.

    The Court: Do you understand you are giving up those rights?

    The Defendant: Yes, sir.

    The Court: The possible penalties are, and I'm going to mark through in red, but keep a part of the record the old plea agreement. You all made a new plea agreement. So it looks like the major difference being Count 8 not included in the new plea agreement. The recommendation is less than the old, so that would be part of the record, but the possible penalty is—I'm not doing my math right. Under these, the guilty plea form that I have is the same as the earlier one, is that correct?

    Mr. Brady: That's correct.

    The Court: So the possible penalty on this is not 80 years, but 60 years. Do you understand that?

The Defendant: Yes, sir.

The Court: Anybody promise you what the sentence would be?

The Defendant: No, sir.

The Court: Do you understand that the State makes a recommendation, and they are making a recommendation in this case concerning sentencing, and the defense gets to speak concerning sentencing, and you get to speak concerning sentencing, and the Court has the benefit of a presentence investigation, which your attorney will have the opportunity to review and comment with you, and at that time, at sentencing, I will take that all into consideration and impose a sentence. It may be what the recommendation is. It may be higher. It may be lower. Do you understand that?

The Defendant: Yes, sir?

The Court: Has anybody promised you what the sentence would be?

The Defendant: No, sir.

The Court: Do you understand that, obviously. If it's lower, you probably would not be wishing to change your mind, but if it's higher, you still can't change your mind. Do you understand that?

The Defendant: Yes, sir.

The Court: There is a registration required as a sex offender. That is a Level 3, which is the highest level, which basically imposes upon you a great deal of responsibility and obligation to register with police agencies of any community or town or state or county that you are in. Your freedom of movement from state-to-state is inhibited because some states before they will even take you, allow you to reside there, you have to establish under their similar laws. Those are pretty tough registration requirements and notification requirements. You've reviewed those with your attorney?

The Defendant: Yes, sir.

The Court: You lose the right to vote, hold public office, and possess a deadly weapon. Do you understand that?

The Defendant: Yes, sir.

The Court:  Were you on parole or probation at the time of the offense?

The Defendant:  No, sir.

The Court:  There is a two-year minimum sentence on each of these; is that right, Mr. Brady?

Mr. Brady:  Yes, Your Honor.

The Court:  In other words, the sentence must start at two years each.  So my sentencing scheme could be six years to 60 years.  Do you understand that?

The Defendant:  Yes, sir.

The Court:  Guilty plea form, are you familiar with this document?

The Defendant:  Yes, sir.

The Court:  Did you go through it line-by-line with your lawyer?

The Defendant:  Yes, sir.

The Court:  Do you have anything you want to ask me about it?

The Defendant:  No, sir.

The Court:  Do you have a tenth-grade education?  You can read and write?

The Defendant:  Yes, sir.

The Court:  Could you understand the document?  Could you understand the contents of the document?

The Defendant:  Yes, sir.

The Court:  Did you fill it in accurately and honestly?

The Defendant:  Yes, sir.

The Court:  As to the charges, they are three counts of rape in the third degree—is this by accomplice liability?

Mr. Adkins:  Yes, Your Honor.

The Court: Three counts. What they are saying basically that you aided and abetted another person, presumably your girlfriend, in the commission of rape involving Donald Dailey—sorry, involving Donald Dailey and Deborah J. BeMiller, that you aided and assistaed in a arape involving a sexual act of rape between Ms. BeMiller and Mr. Dailey, Donald Dailey, your son, Donald Dailey that would be—

The Defendant: Junior, Your Honor.

The Court: who did not have the authority to consent. Count 2 is the same charge, and Count 7 is the same charge. You reviewed these charges with your attorney?

The Defendant: Yes, sir.

The Court: You reviewed accomplice liability with your attorney?

The Defendant: Yes, sir.

The Court: Whereas you do not have to admit the act that is charged, but if you have knowledge of it, and the State can prove that you have knowledge of it, and that you aided and abetted and assisted in the commission of that offense, that you can, likewise, be guilty as an accomplice. You don't be the principal who actually does it. Do you understand that?

The Defendant: All right. Mr. Adkins, the State's case in a nutshell to the jury would be?

Mr. Adkins: Well, in a nutshell, Your Honor, between the dates in the indictment, we would have brought forth testimony of co-defendant, Deborah J. BeMiller, and testimony of the two sons, Donald Dailey, Junior, and Jason Dailey. That in Sussex County at two different locations between these dates on July 1st, 2001, and the first of July, 2002, that Deborah BeMiller, the then girlfriend of the defendant, had sexual intercourse with Donald Dailey, Junior, and Jason Dailey. Jason Dailey being 14 at the time, and Donald Dailey being 15, under age. Deborah BeMiller would have testified, and she has pled guilty to two counts of rape third degree and been sentenced to four years in jail, that Donald Dailey, Senior, the defendant, is the one who requested her to do this with the boys. She had vaginal and oral intercourse with them. And that on one time she was having oral sex with the defendant while she was having vaginal intercourse with Donald Junior. The boys would have also testified, and we had Children Advocacy tapes where they were interviewed by Buster Richardson, and they corroborated and stated in that

12

taped interview that these things happened, and that it was encouraged by the father, and then on occasions, he was present, and on occasions, he did participate. We are not alleging that he ever touched, one-on-one, physically his sons in any way. That's why we are relying on accomplice liability.

The Court: All right. Mr. Dailey, I expect that this information that has just been imparted by the prosecutor is not new to you. The case has been reviewed with you by your attorney what the State's case is. Is that correct?

The Defendant: Yes, sir.

The Court: Under your no-contest plea, do you acknowledge that if those witnesses were believed by the jury, that there is a basis for the jury to find you guilty of these charges?

The Defendant: Yes, sir.

The Court: Now, I've come recently to include something in my discussions with defendants, especially in serious cases, because I want you to understand something. That at this point in time, that things end. I'm sure you've been to weddings where the minister says "speak now or forever hold your peace."

The Defendant: (Defendant nodding head in the affirmative).

The Court: I ask you now is there any reason why I should not accept this guilty plea? Otherwise, speak now or forever hold your peace. Any reason why I should accept this plea at this time, sir?

The Defendant: No, sir.

The Court: This is what you want me to do?

The Defendant: Yes, sir.

The Court: All right. I accept the plea as knowingly, voluntarily, and intelligently offered.

[Appendix to Appellant's op. brf. No. 438, 2003, at A-10 – 24].

The United States Supreme Court has most recently addressed the constitutional minima required for a guilty plea in *Bradshaw v. Stumpf*, 545 U.S. 175 (2005). A guilty

plea is only valid if made "voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Stumpf*, 545 U.S. at 183, *quoting Brady v. United States*, 397 U.S. 742, 748 (1970). As long as the trial court has created a record transcribing the plea colloquy, a defendant who enters a guilty plea will be bound by his answers during his plea colloquy unless he presents clear and convincing evidence otherwise. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). *See also Boykin v. Alabama*, 395 U.S. 238, 244 (1969). Dailey's guilty plea unquestionably satisfied these constitutional requirements.

      3. Dailey's fourth claim, that Superior Court committed errors in its factual finding and conclusions of law when it decided his motion for post-conviction relief, does not present a claim cognizable under federal habeas review. Daliey's claim must fail under 28 U.S.C. § 2254(a) as he has not alleged that he is in custody in violation of the Constitution or laws of the United States, but rather has alleged that the Delaware state courts violated his right to due process in their handling of his state motion for post-conviction relief. A petitioner seeking federal habeas relief may only challenge the fact or duration of confinement. Although Dailey indirectly challenges the duration of his confinement, his fourth claim of error relates to the manner in which the state courts disposed of his motion for post-conviction relief. The Third Circuit has held that any allegations of error in the course of a prisoner's post-conviction relief are not cognizable in a petition for writ of habeas corpus. *See Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004). *Lambert* dealt not merely with delay in the collateral proceedings, but an allegation by the prisoner that the prosecution had manipulated evidence at the post-conviction evidentiary hearing. *Id.* The *Lambert* court emphasized that "It is the original

14

trial that is the 'main event' for habeas purposes." *Id.* Because under *Lambert*, Dailey presents no claim cognizable under section 2254, he is not required to exhaust state remedies as to his fourth claim. *See Tillett v. Freeman*, 368 F.2d 106 (3d Cir. 1989).

Conclusion

Based on a review of the Superior Court docket, it appears that the following transcripts have been prepared: February 6, 2003-arraignment; April 25, 2003-guilty plea; August 1, 2003-motion to withdraw guilty plea; August 6, 2003-guilty plea; and August 7, 2003-sentencing. In the event that the Court deems production of these transcripts necessary, Respondents anticipate that production of such transcripts would require 90 days from the date of any order by this Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Gregory E. Smith
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware  19801
(302) 577-8398

Dated: December 17, 2007

**CERTIFICATION OF SERVICE**

The undersigned certifies that on December 17, 2007, he electronically filed the attached *Answer* with the Clerk of Court using CM/ECF. The undersigned further certifies that on December 18, 2007 that he mailed by United States Postal Service the document(s) to the following non-registered participant:

Donald L. Dailey, Sr.
SBI No. 257258
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

                                        STATE OF DELAWARE
                                        DEPARTMENT OF JUSTICE

                                        /s/ Gregory E. Smith
                                        Gregory E. Smith, ID # 3869
                                        Deputy Attorney General
                                        820 North French Street, 7th Floor
                                        Carvel State Building
                                        Wilmington, Delaware 19801
                                        (302) 577-8398

Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Kennedy v. Richard Kearney
D.Del.,1996.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
John B. KENNEDY, Jr., Petitioner,
v.
Richard KEARNEY, Warden, Sussex Correctional Institution and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**Civ. A. No. 95-613-SLR.**

Sept. 11, 1996.

John B. Kennedy, Jr., petitioner, *pro se.*
Timothy J. Donovan, Jr., Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, attorney for respondents.

MEMORANDUM OPINION
SUE L. ROBINSON, District Judge.

I. INTRODUCTION

**\*1** On January 9, 1992, petitioner was sentenced to a twenty year term of imprisonment after pleading guilty to one count of first degree unlawful sexual intercourse. In his application for federal habeas corpus relief, presently pending before this court, he claims that his plea was not intelligently and voluntarily made and that the assistance he received from counsel was constitutionally deficient. Respondents have filed their answer, claiming that petitioner's claims are barred by his unexcused procedural default in presenting his claims to the state courts. For the reasons discussed below, the court will deny the requested relief and dismiss the petition.

II. BACKGROUND

In May 1991, a grand jury indicted petitioner on nine separate felony counts related to the sexual molestation of petitioner's daughter over a period of three years. (D.I. 3 at Ex. C) Petitioner appeared in Superior Court on January 9, 1992, for the purpose of pleading guilty to one of the counts of the indictment. In exchange for petitioner's guilty plea, the State agreed to dismiss the other felony counts as well as charges of lewdness, indecent exposure, assault, and endangering the welfare of a child which were pending against petitioner in Family Court. (D.I. 3 at Ex. A3)

Before the plea colloquy began, petitioner's counsel notified the court that, due to petitioner's illiteracy, counsel had filled out the relevant forms for petitioner and had explained them to him. (D.I. 3 at Ex. A3-A4) In response to the court's questions, petitioner indicated that he wished to enter a guilty plea, that he understood the consequences of waiving a jury trial, and that he was aware of the range of penalties he could receive. (D.I. 3 at Ex. A4-A7) Petitioner stated, regarding his attorney, "He explained everything to me, went over everything.... He read everything over with me and my wife, went over everything real good, so I understand what I was doing." (D.I. 3 at Ex. A5-A6) Based on petitioner's responses, the court stated its finding that petitioner's plea was "knowingly, intelligently and voluntarily made." (D.I. 3 at Ex. A10) The court sentenced petitioner to a twenty-year term of incarceration, fifteen of which were to be mandatory. (D.I. 3 at Ex. A13)

In November 1994, petitioner filed a Rule 61 postconviction motion, in which he claimed that his representation by counsel had been deficient, that his guilty plea was defective, and that the warrant for his arrest had been based on false information. (D.I. 3 at Ex. D) The Superior Court denied the motion on the merits. (D.I. 3 at Ex. E) Petitioner did not appeal.

Petitioner filed a second Rule 61 motion in Superior Court on January 17, 1995. (D.I. 3 at Ex. D) In that motion, petitioner restated the grounds he had raised in his first motion for postconviction relief. The court denied the motion on procedural grounds, pursuant to Rule 61(i)(4), which provides:
Any ground for relief that was formerly adjudic-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-00462-JJF    Document 15-2    Filed 12/17/2007    Page 2 of 3

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

ated, whether in the proceeding leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

***2** Because each of petitioner's claims had been adjudicated in his previous Rule 61 motion, the court denied the second motion. (D.I. 3 at Ex. E) Petitioner appealed, and the Delaware Supreme Court affirmed. *Kennedy v. State,* No. 39, 1995 (Del. July 25, 1995).

### III. DISCUSSION

#### A. Exhaustion Requirement

Before the court can review petitioner's claims, the court must ascertain whether petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b). In making this determination, the court should inquire as to whether there is an "absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must have raised in the state courts the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).
"It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987) (citations omitted).

In the petition presently before the court, plaintiff has presented two grounds for relief: 1) ineffective assistance of counsel; and 2) a defective guilty plea. Petitioner has previously raised precisely the same claims before the state courts. His state remedies, therefore, are exhausted.

#### B. Procedural Default

The Delaware Supreme Court did not have an opportunity to rule on the merits of petitioner's claims because he failed to appeal the Superior Court's denial of his first postconviction motion. Petitioner's second postconviction motion was denied on procedural grounds. When petitioner appealed the denial of the second motion, the Delaware Supreme Court was barred from reaching the merits by Rule 61(i)(4).

Allowing applicants for federal habeas corpus relief to proceed in federal court where, as here, their own default is responsible for the absence of available state remedies would undermine the principles of comity and federalism that underlie the exhaustion requirement. *Coleman v. Thompson,* 501 U.S. 722 (1991). The United States Supreme Court has held that a state court ruling resting on an independent and adequate state procedural ground will bar federal review absent a showing of cause for and prejudice from the default. *Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977). The state courts' application of Rule 61(i)'s procedural default provision is a "plain statement" under *Harris v. Reed,* 489 U.S. 255 (1989), that the state court decisions rest on independent state grounds. Rule 61(i)(4) and similar rules in other states have also been held adequate to bar federal review under *Wainwright. See Bond v. Fulcomer,* 864 F.2d 306 (3d Cir.1989); *Beatty v. Patton,* 700 F.2d 110, 112-13 (3d Cir.1983); *Woodlin v. Snyder,* C.A. No. 95-138-JJF (D.Del. June 16, 1995).

**\*3** Because the state courts based their denial of petitioner's postconviction motion on an independent and adequate state procedural ground, this court may not consider the merits of petitioner's ineffective assistance of counsel claim unless he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims[ ] will result in the fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him...." *Id.* at 753,*cit-*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Case 1:07-cv-00462-JJF    Document 15-2    Filed 12/17/2007    Page 3 of 3

Page 3

ing *Murray v. Carrier,* 477 U.S. 478, 488 (1986) (emphasis in original).

Petitioner seeks to explain his failure to appeal the denial of his first postconviction motion by stating that the trial court refused to supply him with a free transcript "to verify facts." (D.I. 2) As a result, petitioner contends, the Superior Court dismissed his motion in a summary fashion without benefit of the record of petitioner's plea. Petitioner does not explain why the lack of a transcript, while not deterring him from filing a Rule 61 motion in Superior Court, would prevent him from appealing the denial of that motion. As respondents point out, if petitioner believed that the decision to deny him the transcript was erroneous, or that the lack of a transcript caused the wrongful dismissal of his postconviction motion, he had all the more reason to file an appeal. Petitioner's explanation, therefore, does not constitute cause. Because petitioner has failed to show cause for his default, it is not necessary for this court to address the issue of prejudice.

Petitioner also contends that the state courts should have excused his procedural default "in the interest of justice," and that their failure to do so constitutes a "substantial miscarriage of justice." (D.I. 10) Where a petitioner has defaulted his state remedies and has not demonstrated cause and prejudice, a federal court may entertain a petition for habeas corpus only if the petitioner makes a showing of "actual innocence." *Sawyer v. Whitley,* 112 S.Ct. 2514, 2519 (1992); *Murray,* 477 U.S. at 496. Petitioner has made no claim that he is actually innocent, and has articulated no facts that would support such a claim. His procedural default, therefore, is not excused.

### IV. CONCLUSION

For the reasons set forth above, the court will dismiss the application for habeas corpus relief and deny the writ of habeas corpus. An appropriate order will be entered.

D.Del.,1996.
Kennedy v. Richard Kearney
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.