In the United States District Court
For the District of Delaware

Donald L. Dailey, Sr.
Petitioner,

vs.

Thomas L. Carroll, et.al.
Respondents.

C.A. No. 07-462-JJF



FILED

JAN 02 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RD scanned

## Motion For An Extension

1.  Petitioner, Donald L. Dailey, Sr., moves the Court pursuant to D. Del. LR 16.5 for an order extending the deadline for service and filing of petitioner's Reply Brief in response to the Respondent's Answer filed and received on December 17, 2007.

2.  Petitioner seeks at least a (60) day extension until February 14, 2008 to prepare and file his Reply Brief and supporting affidavits.

3.  This is petitioner's first motion for an extension and it is made for

(1)

good cause and in the interest of justice, not for the purpose of delay.

4. The grounds for this requested extension are: petitioner is _incompetent_ and _functionally illiterate_ in reading law and when using a prison law library and he must rely on legal assistance from other inmates and so called "_jailhouse lawyers_" to help him research and prepare all of his legal pleadings. This is one of the "_equitable tolling_" factors petitioner has alleged in his habeas corpus as a reason to toll or excuse the late filing of his petition.

5. Since filing his original petition in this case, petitioner has been transferred from SCI to DCC and separated from the prisoner that was helping him and the Department of Corrections is not providing any alternative form of trained legal assistance to help illiterate inmates like petitioner, especially in the maximum security-administrative segregation unit (SHU)

(2)

where petitioner is now being housed.

6.    Furthermore, in this maximum security unit where petitioner is confined, he does not have direct access to an adequate law library. He has to do all of his legal research and receive photocopies of all his motions and pleadings "_by mail!_" Through a satellite law library system that was declared inadequate or unconstitutional by this Court in 1991 in _Abdul-Akbar v. Watson_, 775 F.Supp. 735 (D. Del. 1991).

7.    As can be seen in the _State's December 17th 2007 "Answer"_ attached hereto, the State's attorney is disputing petitioner's claim that his untimely habeas petition should be "_equitably tolled_" on the basis of petitioner's allegations of "_actual innocence_" and being both "_incompetent_" and "_functionally illiterate_" when it comes to the law and legal process and procedure.

8.    In order to show that these equitable tolling claims have merit and should apply to his petition, petitioner

needs this requested extension so he can have enough Time To obtain affidavits from inmate clerks and law Library personnel at SCI and possibly DCC as well.

9. Therefore, for good cause shown and in the interest of justice petitioner requests a (60) day extension, until <u>February 14, 2008</u> To file his Reply and supporting affidavits.

<u>Verification</u>

All of the facts and information provided herein are True and correct and sworn To under the penalties of perjury.

Respectfully submitted,

Dated:
<u>December 27, 2007.</u>

Donald L. Dailey, Sr.
SBI #257958
(Petitioner/Pro-se)
Del. Corr. Center
1181 Paddock Rd.
Smyrna, De. 19977

(4)

# <u>Certificate of Service</u>

<u>State of Delaware</u> )
<u>New Castle County</u> ) ss:     C.A. No.
                       <u>07-462-JJF</u>

Petitioner, <u>Donald L. Dailey</u>, hereby certifies that on this <u>27th.</u> day of <u>December</u> 2007, he placed in the U.S. Mail at the Delaware Correctional Center a true, duplicate, correct copy of the attached: <u>"Motion For An Extension,"</u> addressed and sent to:

(<u>Opposing Counsel</u>)

<u>Deputy Attorney General,</u>
<u>Gregory E. Smith, ID #3869</u>
Carvel State Building
820 North French St. -7th. Floor
Wilmington, De. 19801

Dated:           <u>Donald L. Dailey Sr.</u>
<u>December 27, 2007.</u>    Donald L. Dailey Sr.
                      SBI # 257958
                      (Bldg. 18 - B - 4/c)
                      Del. Corr. Center
                      1181 Paddock Rd.
                      Smyrna, De. 19977

Please MAKE note that my SBI # IS (257458) not (257258).                    Thank You
                                    Donald L. Dailey SR.

FM. Donald L. Dailey Sr.

SBI# 257458 UNIT 18-B H/c cell

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

To: Office of The Clerk
United States District Court
844 N. King St. Lockbox 18
Wilmington Delaware
19801-3570

"Legal Mail"

$\widehat{15}$

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD L. DAILEY, SR.,  )
                        )
        Petitioner,     )
                        )
    v.                  )        Civ. Act. No. 07-462-JJF
                        )
THOMAS L. CARROLL,[1] et al.,  )
                        )
        Respondents.    )

## ANSWER

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254,

Respondents state the following in response to the petition for writ of habeas corpus:

### Facts

Between July 1, 2001 and July 1, 2002, Donald L. Dailey, Sr., arranged for his

paramour, Deborah BeMiller, to engage in both vaginal and oral sexual intercourse with

Dailey's two teenage sons (ages fourteen and fifteen at the time). On some of these

occasions, Dailey would watch the sexual relations. On one occasion, BeMiller

performed fellatio on Dailey while one of Dailey's sons simultaneously engaged in

vaginal intercourse with BeMiller.

### Procedural History[2]

On October 23, 2002, Delaware state police arrested Donald L. Dailey, Sr. (D.I.

1). On January 13, 2003, the Sussex County grand jury indicted Dailey on the following

charges: nine counts of rape in the first degree (11 *Del. C.* § 773); and nine counts of

conspiracy in the first degree (11 *Del. C.* § 513). (D.I. 3). On April 25, 2003, Dailey

---

[1] Elizabeth Burris is Acting Warden of the Delaware Correctional Center, the facility at which Dailey is incarcerated.

[2] All references ("D.I.__") in this section are to Superior Court docket case number ID 0210012813.

$A$-$I$

entered a guilty plea to four counts of rape in the third degree, in exchange for which the prosecution agreed to dismiss the balance of the charges. (D.I. 11). On June 11, 2003, Dailey moved to withdraw his guilty plea. (D.I. 12). On August 1, 2003, Superior Court granted Dailey's motion to withdraw his guilty plea. (D.I. 20). On August 6, 2003, Dailey entered a guilty plea to three counts of rape in the third degree (11 *Del. C.* § 771), in exchange for which the prosecution agreed to dismiss the balance of the indictment. (D.I. 21). On August 7, 2003, Superior Court sentenced Dailey to a total of 35 years at level V incarceration, suspended after serving 14 years for decreasing levels of supervision. (D.I. 22). Dailey appealed the sentence of Superior Court. On March 4, 2004, the Delaware Supreme Court affirmed the judgment of Superior Court. *Dailey v. State*, No. 438, 2003, Holland, J. (Del. March 4, 2004).

On April 4, 2005, Dailey filed a motion for sentence modification. (D.I. 59). On April 8, 2005, Superior Court denied Dailey's motion. (D.I. 60). On June 6, 2005, Dailey filed a motion for post-conviction relief. (D.I. 64). On June 28, 2005, Superior Court denied the motion. (D.I. 65). On October 7, 2005, Dailey filed his second motion for sentence modification. (D.I. 66). On October 14, 2005, Superior Court denied Dailey's motion. (D.I. 67). On May 9, 2006, Dailey filed his third motion for sentence modification. (D.I. 70). On May 16, 2006, Superior Court denied the motion. (D.I. 71). On July 18, 2006, Dailey filed his second motion for post-conviction relief. (D.I. 73). On July 25, 2006, Superior Court denied the motion. (D.I. 74). On July 28, 2006, Dailey filed his fourth motion for sentence modification. (D.I. 75). On August 16, 2006, Superior Court denied the motion. (D.I. 77). Dailey appealed Superior Court's denial of his second motion for post-conviction relief. The Delaware Supreme Court affirmed the

$A-2$

judgment of Superior Court. *Dailey v. State*, No. 490, 2006, Jacobs, J. (Del. Feb. 5, 2007).

Dailey filed the instant petition for writ of habeas corpus and memorandum in support thereof on July 24, 2007.

### Argument

In his petition, Dailey has alleged four grounds for relief: (1) that he received ineffective assistance of counsel that coerced him into pleading guilty; (2) that the prosecutor committed misconduct and coerced him to plead guilty; (3) that Superior Court coerced him to plead guilty; (4) that Superior Court committed errors in its factual finding and conclusions of law when it decided his motion for post-conviction relief.

Dailey's petition must be dismissed as being untimely under 28 U.S.C. § 2244(d). "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Delaware Supreme Court affirmed Dailey's direct appeal of his sentence on March 4, 2004. Following that decision, Dailey had ninety days in which to file a petition for certiorari in the United States Supreme Court. *See Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999). Dailey failed to file a petition for certiorari within ninety days of the denial of his direct appeal. Thus, the one-year period for the filing of any federal habeas petition by Dailey began to run on June 2, 2004. Dailey filed his first motion for post-conviction relief under Rule 61 on June 6, 2005. When Dailey filed his first motion for post-conviction relief, the entire 365 days of the one-year period had already run.

*A* - 3

Dailey's motion for post-conviction relief could not toll a limitations period that had expired. The motion for reduction of sentence that Dailey filed on April 4, 2005 did not statutorily toll the limitations period. Dailey's motion amounted to a plea for leniency under Superior Court Criminal Rule 35(b). The Third Circuit has recently held that a Rule 35(b) motion does not have the effect of tolling the limitations period set forth in 28 U.S.C. § 2244(d)(1). *Hartman v. Carroll*, 492 F.3d 478, 484 (3d Cir. 2007).

A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court; Dailey's petition states that he placed his petition in the prison mailing system on July 24, 2007. (D.I. 1). In the absence of proof respecting the date of delivery, that date is the presumptive date the petition was delivered to prison officials for mailing. *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002). Dailey's petition, filed July 24, 2007, is thus untimely under section 2244(d). *See Woods*, 215 F.Supp.2d at 460.

Dailey cannot save his untimely petition by invoking the doctrine of equitable tolling, as that doctrine only applies when: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Dailey asserts that his petition should not be denied as untimely because he is actually innocent, he did not understand legal procedure, he was taken advantage of by jailhouse lawyers, inmates in the prison law library do not render meaningful assistance, the judge and both counsel conspired to coerce him to plead guilty, and he was mentally incompetent. (D.I. 1 at 13-

14). Dailey's conclusory allegations do not make out any basis for equitable tolling.
First, the fact that Dailey pursued state post-conviction remedies and efforts to modify his
sentence defeats any notion that an alleged mental incompetencey prevented him from
timely seeking federal habeas relief. *See, e.g., Smith v. Saffle*, 28 F. App'x 759 (10th Cir.
2001). In turn, Dailey's ignorance of the law and actions of jailhouse lawyers are
insufficient to warrant equitable tolling. *See, e.g., Shoemate v. Norris*, 390 F.3d 595, 598
(8th Cir. 2004); *United States v. Cicero*, 214 F.3d 199, 204 (D.C. Cir. 2000).

Although Dailey's petition must be dismissed as untimely, the Court's order
directs Respondents to address the issue of exhaustion. A state prisoner seeking federal
habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. §
2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a
claim has been "exhausted" in state court, a petitioner must show that he presented each
claim to the Delaware Supreme Court. *Bailey v. Snyder*, 855 F.Supp. 1392, 1399 (D.
Del. 1993). The habeas petitioner must afford each level of the state courts a fair
opportunity to address the claims. *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1993).
Liberally reading Dailey's claims, it appears that he has presented all four claims to the
Delaware Supreme Court, and thus he has exhausted his state remedies. *See Rose v.
Lundy*, 455 U.S. 509 (1982); *Smith v. Digmon*, 434 U.S. 332 (1978). After finding that a
petitioner has exhausted state remedies, however, this Court "must then assure itself that
a habeas petitioner has complied with relevant state procedural requirements before it can
delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864
F.2d 306, 310 (3d Cir. 1989).

1. Dailey did present his first claim, that he received ineffective assistance of counsel that coerced him into pleading guilty, to the Delaware Supreme Court. Dailey presented this to the Delaware Supreme Court on the appeal from the denial of his second motion for post-conviction relief. Dailey thus exhausted this issue in state court. The Delaware Supreme Court did not, however, reach the merits of the claim because Dailey had previously raised the issue in his first motion for post-conviction relief (which he did not appeal) and denied the claim as procedurally barred under Superior Court Rule 61(i)(4). As a result, Dailey's claim of ineffective assistance of counsel is exhausted, but procedurally defaulted. *See, e.g., Kennedy v. Kearney*, 1996 WL 534877, *2 (D. Del. 1996). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Dailey cannot demonstrate that anything prevented him from appealing the denial of his first motion for post-conviction relief.

2. Dailey's second and third claims, that the prosecutor and the Superior Court both coerced him to plead guilty, are likewise procedurally defaulted. Liberally read, Dailey presented these claims to the Delaware Supreme Court on the appeal from Superior Court's denial of his second motion for post-conviction relief. The Delaware Supreme Court did not address these claims because Dailey could have raised them in his direct appeal, but did not. Nor did Dailey raise them after Superior Court denied his first motion for post-conviction relief. As a result, Dailey's coerced guilty plea claims are

procedurally defaulted, and this Court may not reach the merits of those claims. *See*

*Coleman*, 501 U.S. at 750-51; *Lines*, 208 F.3d at 160.

The contents of Dailey's plea colloquy demonstrate that his guilty plea was not

coerced and prevent any finding that a miscarriage of justice has taken place that would

permit this Court to consider the merits of his procedurally defaulted claims:

> The Court: Of relevance here, Mr. Dailey are three charges, Counts 1, 2, and 7. And I'll let Mr. Adkins, in a moment, give me a nutshell as to the testimony for purposes of the record. But I'm going to ask you some questions. We are going to go through the process of the plea process, similar to what you did before Judge Bradley some months ago. And, therefore, I want you to understand that I'm now placing you under oath. Do you understand that, and affirm that you are going to answer me honestly and truthfully under penalty of perjury?

> The Defendant: Yes, sir, Your Honor.

> The Court: A plea of guilty, whether by admission, no contest, or a Robinson plea, where you specifically don't acknowledge your involvement, are all forms of—they are all guilty pleas. They are treated by the public as guilty pleas, and they are treated by the Department of Corrections, as the courts, as guilty pleas, and one is sentenced as if one had been found guilty by a jury, or pled guilty. Do you understand that?

> The Defendant: Yes, sir.

> The Court: The only difference in this plea and a regular plea is that you are not admitting that you did those things, but you are not contesting the State's ability to be able to prove this to a jury as to these three counts. Do you understand that?

> The Defendant: Yes, sir.

> The Court: Have you had any alcohol, drugs, or medication in the last 24 hours?

> The Defendant: No, sir.

> The Court: Any history of mental illness?

> The Defendant: No, sir.

The Court: Are you satisfied with your lawyer?

The Defendant: Yes, sir.

The Court: Have you had enough time to consult with your lawyer?

The Defendant: Yes, sir.

The Court: Any complaints about how Mr. Brady has done his job?

The Defendant: No, sir.

The Court: So you thought about this, and you originally had filed a pro se motion, and you said you wanted to go to trial. I thought about this more. I told you Friday I would let you go to trial if that is what you wanted, but you should really be thinking about this and make a decision. Today was the day for final case review. Is this your personal decision that you no longer wish to go to trial?

The Defendant: Yes, sir.

The Court: You understand we are going to write this in stone today. We are not going to change our minds back and forth, willy-nilly, depending on what the weather is. I am not saying that you have done that. I am just saying now is the time to tell me this is what you want to do, or this is what you don't want to do. You are saying you want to enter this plea?

The Defendant: Yes, sir.

Mr. Brady: Your Honor, not to interrupt, but to just make the record complete, I filed the motion under his direction to withdraw the guilty plea. I have been accused of many things. He sent a letter also.

The Court: He sent some additional letters, and I may be thinking of that, Mr. Brady. Thank you. By pleading guilty, no contest, you are never ever going to have a trial. Therefore, you give up the right to be presumed innocent until the State can establish your guilt beyond a reasonable doubt, to a jury of twelve citizens of Sussex County. For the jury to reach a verdict, all twelve have to be in unanimous or complete agreement. Simply put, to find you guilty, twelve jurors have to, all twelve jurors, have to be satisfied that the State has proven you guilty beyond a reasonable doubt to overcome your presumption of innocence. To find you not guilty, twelve jurors have to agree that you are not guilty.

If all twelve jurors can't agree, then it's ultimately decided to be a hung jury. Nobody prevails. The case goes back on the calendar, if that's what the State decides to pursue. In other words, the State pursues another trial. The State is permitted to do that. You have the assistance of an attorney throughout the process. You have the right to a speedy and public trial. At trial, each of the State's witnesses, which I presume would be—I'm going to let the State go—would be the complaining witness, and the ex-girlfriend, co-defendant, and any other witnesses would be brought into the courtroom in your presence, the presence of the jury, given an oath, swear to tell the truth, asked questions subject to questioning, cross-examination by your lawyer. You have the opportunity, though not the requirement, to put on witnesses, and to get your witnesses, the sheriff will go out and subpoena, bring in your witnesses, whether they want to come or not, just like the State's witnesses. You can testify. If you don't want to testify, no one, not even the judge, can force you to testify. If you don't want to testify, the jury is instructed that they cannot use a decision on your part not to testify in any way against you. The prosecutor can't use that in closing argument saying, "Well, you didn't hear from him, so he must be guilty." He is not allowed to say anything. Do you understand that?

The Defendant: Yes, sir.

The Court: All these rights are given up and waived, including the right to appeal this case to Delaware Supreme Court, with the benefit of a lawyer, should you be found guilty. Do you understand those rights?

The Defendant: Yes, sir.

The Court: Do you understand you are giving up those rights?

The Defendant: Yes, sir.

The Court: The possible penalties are, and I'm going to mark through in red, but keep a part of the record the old plea agreement. You all made a new plea agreement. So it looks like the major difference being Count 8 not included in the new plea agreement. The recommendation is less than the old, so that would be part of the record, but the possible penalty is—I'm not doing my math right. Under these, the guilty plea form that I have is the same as the earlier one, is that correct?

Mr. Brady: That's correct.

The Court: So the possible penalty on this is not 80 years, but 60 years. Do you understand that?

The Defendant: Yes, sir.

The Court: Anybody promise you what the sentence would be?

The Defendant: No, sir.

The Court: Do you understand that the State makes a recommendation, and they are making a recommendation in this case concerning sentencing, and the defense gets to speak concerning sentencing, and you get to speak concerning sentencing, and the Court has the benefit of a presentence investigation, which your attorney will have the opportunity to review and comment with you, and at that time, at sentencing, I will take that all into consideration and impose a sentence. It may be what the recommendation is. It may be higher. It may be lower. Do you understand that?

The Defendant: Yes, sir?

The Court: Has anybody promised you what the sentence would be?

The Defendant: No, sir.

The Court: Do you understand that, obviously. If it's lower, you probably would not be wishing to change your mind, but if it's higher, you still can't change your mind. Do you understand that?

The Defendant: Yes, sir.

The Court: There is a registration required as a sex offender. That is a Level 3, which is the highest level, which basically imposes upon you a great deal of responsibility and obligation to register with police agencies of any community or town or state or county that you are in. Your freedom of movement from state-to-state is inhibited because some states before they will even take you, allow you to reside there, you have to establish under their similar laws. Those are pretty tough registration requirements and notification requirements. You've reviewed those with your attorney?

The Defendant: Yes, sir.

The Court: You lose the right to vote, hold public office, and possess a deadly weapon. Do you understand that?

The Defendant: Yes, sir.

The Court: Were you on parole or probation at the time of the offense?

The Defendant: No, sir.

The Court: There is a two-year minimum sentence on each of these; is that right, Mr. Brady?

Mr. Brady: Yes, Your Honor.

The Court: In other words, the sentence must start at two years each. So my sentencing scheme could be six years to 60 years. Do you understand that?

The Defendant: Yes, sir.

The Court: Guilty plea form, are you familiar with this document?

The Defendant: Yes, sir.

The Court: Did you go through it line-by-line with your lawyer?

The Defendant: Yes, sir.

The Court: Do you have anything you want to ask me about it?

The Defendant: No, sir.

The Court: Do you have a tenth-grade education? You can read and write?

The Defendant: Yes, sir.

The Court: Could you understand the document? Could you understand the contents of the document?

The Defendant: Yes, sir.

The Court: Did you fill it in accurately and honestly?

The Defendant: Yes, sir.

The Court: As to the charges, they are three counts of rape in the third degree—is this by accomplice liability?

Mr. Adkins: Yes, Your Honor.

The Court: Three counts. What they are saying basically that you aided and abetted another person, presumably your girlfriend, in the commission of rape involving Donald Dailey—sorry, involving Donald Dailey and Deborah J. BeMiller, that you aided and assistaed in a arape involving a sexual act of rape between Ms. BeMiller and Mr. Dailey, Donald Dailey, your son, Donald Dailey that would be—

The Defendant: Junior, Your Honor.

The Court: who did not have the authority to consent. Count 2 is the same charge, and Count 7 is the same charge. You reviewed these charges with your attorney?

The Defendant: Yes, sir.

The Court: You reviewed accomplice liability with your attorney?

The Defendant: Yes, sir.

The Court: Whereas you do not have to admit the act that is charged, but if you have knowledge of it, and the State can prove that you have knowledge of it, and that you aided and abetted and assisted in the commission of that offense, that you can, likewise, be guilty as an accomplice. You don't be the principal who actually does it. Do you understand that?

The Defendant: All right. Mr. Adkins, the State's case in a nutshell to the jury would be?

Mr. Adkins: Well, in a nutshell, Your Honor, between the dates in the indictment, we would have brought forth testimony of co-defendant, Deborah J. BeMiller, and testimony of the two sons, Donald Dailey, Junior, and Jason Dailey. That in Sussex County at two different locations between these dates on July 1st, 2001, and the first of July, 2002, that Deborah BeMiller, the then girlfriend of the defendant, had sexual intercourse with Donald Dailey, Junior, and Jason Dailey. Jason Dailey being 14 at the time, and Donald Dailey being 15, under age. Deborah BeMiller would have testified, and she has pled guilty to two counts of rape third degree and been sentenced to four years in jail, that Donald Dailey, Senior, the defendant, is the one who requested her to do this with the boys. She had vaginal and oral intercourse with them. And that on one time she was having oral sex with the defendant while she was having vaginal intercourse with Donald Junior. The boys would have also testified, and we had Children Advocacy tapes where they were interviewed by Buster Richardson, and they corroborated and stated in that

taped interview that these things happened, and that it was encouraged by the father, and then on occasions, he was present, and on occasions, he did participate. We are not alleging that he ever touched, one-on-one, physically his sons in any way. That's why we are relying on accomplice liability.

The Court: All right. Mr. Dailey, I expect that this information that has just been imparted by the prosecutor is not new to you. The case has been reviewed with you by your attorney what the State's case is. Is that correct?

The Defendant: Yes, sir.

The Court: Under your no-contest plea, do you acknowledge that if those witnesses were believed by the jury, that there is a basis for the jury to find you guilty of these charges?

The Defendant: Yes, sir.

The Court: Now, I've come recently to include something in my discussions with defendants, especially in serious cases, because I want you to understand something. That at this point in time, that things end. I'm sure you've been to weddings where the minister says "speak now or forever hold your peace."

The Defendant: (Defendant nodding head in the affirmative).

The Court: I ask you now is there any reason why I should not accept this guilty plea? Otherwise, speak now or forever hold your peace. Any reason why I should accept this plea at this time, sir?

The Defendant: No, sir.

The Court: This is what you want me to do?

The Defendant: Yes, sir.

The Court: All right. I accept the plea as knowingly, voluntarily, and intelligently offered.

[Appendix to Appellant's op. brf. No. 438, 2003, at A-10 – 24].

The United States Supreme Court has most recently addressed the constitutional

minima required for a guilty plea in *Bradshaw v. Stumpf*, 545 U.S. 175 (2005). A guilty

plea is only valid if made "voluntarily, knowingly, and intelligently, 'with sufficient
awareness of the relevant circumstances and likely consequences.'" *Stumpf,* 545 U.S. at
183, *quoting Brady v. United States,* 397 U.S. 742, 748 (1970). As long as the trial court
has created a record transcribing the plea colloquy, a defendant who enters a guilty plea
will be bound by his answers during his plea colloquy unless he presents clear and
convincing evidence otherwise. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). *See
also Boykin v. Alabama,* 395 U.S. 238, 244 (1969). Dailey's guilty plea unquestionably
satisfied these constitutional requirements.

3. Dailey's fourth claim, that Superior Court committed errors in its factual
finding and conclusions of law when it decided his motion for post-conviction relief, does
not present a claim cognizable under federal habeas review. Daliey's claim must fail
under 28 U.S.C. § 2254(a) as he has not alleged that he is in custody in violation of the
Constitution or laws of the United States, but rather has alleged that the Delaware state
courts violated his right to due process in their handling of his state motion for post-
conviction relief. A petitioner seeking federal habeas relief may only challenge the fact
or duration of confinement. Although Dailey indirectly challenges the duration of his
confinement, his fourth claim of error relates to the manner in which the state courts
disposed of his motion for post-conviction relief. The Third Circuit has held that any
allegations of error in the course of a prisoner's post-conviction relief are not cognizable
in a petition for writ of habeas corpus. *See Lambert v. Blackwell,* 387 F.3d 210, 247 (3d
Cir. 2004). *Lambert* dealt not merely with delay in the collateral proceedings, but an
allegation by the prisoner that the prosecution had manipulated evidence at the post-
conviction evidentiary hearing. *Id.* The *Lambert* court emphasized that "It is the original

trial that is the 'main event' for habeas purposes." *Id.* Because under *Lambert*, Dailey

presents no claim cognizable under section 2254, he is not required to exhaust state

remedies as to his fourth claim. *See Tillett v. Freeman*, 368 F.2d 106 (3d Cir. 1989).

<h2 style="text-align:center">Conclusion</h2>

Based on a review of the Superior Court docket, it appears that the following

transcripts have been prepared: February 6, 2003-arraignment; April 25, 2003-guilty plea;

August 1, 2003-motion to withdraw guilty plea; August 6, 2003-guilty plea; and August

7, 2003-sentencing. In the event that the Court deems production of these transcripts

necessary, Respondents anticipate that production of such transcripts would require 90

days from the date of any order by this Court. For the foregoing reasons, the petition for

a writ of habeas corpus should be dismissed without further proceedings.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Gregory E. Smith
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
Dated: December 17, 2007                    (302) 577-8398

*A*-15