IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD L. DAILEY, SR., Petitioner, | : | |
| v. | : | Civ. Act. No. 07-462-JJF |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, Respondents.[1] | : | |

---

Donald L. Dailey, Sr. Pro se Petitioner.

Gregory E. Smith, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

July 29, 2008
Wilmington, Delaware

---

[1]Warden Perry Phelps assumed office in January, 2008, replacing former acting warden Elizabeth Burris, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Donald Dailey Sr. ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court will deny the Petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2003, the Sussex County Grand Jury indicted Petitioner on nine counts of first degree rape and nine counts of first degree conspiracy. These charges stemmed from incidents involving Petitioner's two minor sons who, according to their statements and the statement of Petitioner's former girlfriend, had sexual intercourse with Petitioner's former girlfriend while Petitioner watched or participated. Those incidents occurred at Petitioner's request. (D.I. 15.)

Petitioner pled guilty to four counts of third degree rape on April 25, 2003, in exchange for which the State agreed to dismiss the balance of the charges. However, on June 11, 2003, Petitioner moved to withdraw his guilty plea, and the Superior Court granted that motion on August 1, 2003. On August 6, 2003, Petitioner entered a guilty plea to three counts of third degree rape, in exchange for which the State agreed to dismiss the balance of the indictment. The Superior Court sentenced

Petitioner to a total of 35 years at Level V incarceration, with credit for 289 days, suspended after serving 14 years for decreasing levels of supervision. Petitioner appealed the sentence, and the Delaware Supreme Court affirmed the Superior Court's judgment. Dailey v. State, 843 A.2d 695 (Table), 2004 WL 439855 (Del. Mar. 4, 2004).

Petitioner filed a motion for sentence modification on April 4, 2005, which was denied by the Superior Court on April 8, 2005. Petitioner did not appeal that decision. Thereafter, Petitioner filed three more motions for modification of sentence on October 7, 2005, May 9, 2006, and July 28, 2006, as well as a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion") on June 6, 2005. The Superior Court denied all four motions, and Petitioner did not appeal those decisions.

On July 18, 2006, Petitioner filed his second Rule 61 motion. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision. Dailey v. State, 918 A.2d 1170 (Table), 2007 WL 328831 (Del. Feb. 5, 2007).

## II. DISCUSSION

In this proceeding, Petitioner asserts four grounds for relief: (1) defense counsel provided ineffective assistance; (2) the prosecutor committed misconduct and coerced Petitioner to plead guilty; (3) the Superior Court judge coerced Petitioner to

plead guilty; and (4)the Superior Court judge committed factual errors in denying Petitioner's Rule 61 motion. (D.I. 2) The State contends that the Petition should be dismissed as time-barred. (D.I. 15.)

**A. One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant Petition, dated July 16, 2007, is subject to the one-year limitations period contained in § 2244(d)(1). See

Lindh, 521 U.S. at 336. Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on March 4, 2004, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1)on June 3, 2004. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Petitioner had to file his § 2254 Petition by June 3, 2005. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant Petition until July 16, 2007,[2] two years after the expiration of the AEDPA's statute of

---

[2]A prisoner's pro se habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the petition, July 16, 2007, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

limitations. Thus, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending in state court, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period).

As an initial matter, the Court notes that the record does not contain copies of any of Petitioner's motions for modification of sentence. However, given the fact that the Superior Court denied Petitioner's first motion for modification of sentence because he filed it more than ninety days from the date of sentencing, the Court concludes that the first motion was filed pursuant to Delaware Superior Court Criminal Rule 35(b).

See (D.I. 16, Del. Super. Ct. Crim. Dkt. Entry No. 60.); Del. Super. Ct. Crim. R. 35(b). The Superior Court docket does not indicate the reason for the Superior Court's denial of Petitioner's subsequent motions for modification of sentence. Therefore, the Court will refer to those motions as "Rule 35 motions."

Although Petitioner filed his Rule 35(b) motion on April 4, 2005, prior to the expiration of the AEDPA's limitations period, the Rule 35(b) motion has no statutory tolling effect in this proceeding. First, the fact that the Superior Court denied the motion as time-barred demonstrates that it was not "properly filed" for statutory tolling purposes under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408 (2005). Additionally, the Court agrees with the State's argument that the Rule 35(b) has no statutory tolling effect pursuant to Hartmann v. Carroll, 492 F.3d 478, 484 (3d Cir. 2007).[3]

[3]Citing to Hartmann, the State contends that the Rule 35(b) motion does not toll the limitations period because it constituted a plea for leniency rather than a challenge the lawfulness of Petitioner's conviction. 492 F.3d at 484. However, the State fails to acknowledge that the Hartmann Court underscored the requirement to construe pro se filings liberally, and noted the possibility that a pro se prisoner "might file what is ostensibly a motion under Rule 35(b) and yet intend to seek relief other than discretionary leniency." Id. at 482 n.8. Although the record does not contain an actual copy of the Rule 35(b) motion for the Court to independently determine this issue, the Court views the fact that the Superior Court denied the motion as untimely as an indication that the motion for modification of sentence was a true Rule 35(b) motion constituting a plea for leniency; the Superior Court can only consider a motion raised under Rule 35(b) if it is filed within

In turn, Petitioner's other three Rule 35 motions, as well as his two Rule 61 motions, do not have any statutory effect in this habeas proceeding because they were filed after the AEDPA's limitation period had already expired. Therefore, the doctrine of statutory tolling does not render the Petition timely.

**C. Equitable Tolling**

The AEDPA's limitations period may also be equitably tolled, but "only when the principle of equity would make the rigid application of a limitation period unfair." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2000). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller v. N.J. Dept. Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way

---

ninety-days of sentencing, whereas the Superior Court can consider a motion raised pursuant to Rule 35(a) "at any time." Del. Super. Ct. Crim. R. 35. Therefore, applying Hartmann with this distinction in mind, the Court concludes that the Rule 35(b) motion at issue does not toll the AEDPA's limitations period.

> prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim). Additionally, in two recent non-precedential opinions, the Third Circuit Court of Appeals has held that a petitioner's viable claim of actual innocence may warrant equitable tolling, provided that the petitioner also exercised reasonable diligence in pursuing the actual innocence claim. See Black v. Dist. Atty. of Philadelphia, 246 Fed. Appx. 795 (3d Cir. Sept. 7, 2007); Horning v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. Oct. 2, 2006). A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

Here, Petitioner asserts that equitable tolling is warranted because he does not understand legal procedures, his jailhouse lawyers took advantage of him, inmates working in the law library did not render meaningful assistance, the Superior Court judge conspired with the prosecutor and defense counsel to coerce him

to plead guilty, he is actually innocent, and he was mentally unable to understand legal procedures. The Court concludes that none of these allegations trigger the application of the equitable tolling doctrine. First, neither a pro se petitioner's lack of legal knowledge, nor a mistake resulting from the absence of such knowledge, constitutes an extraordinary circumstance for equitable tolling purposes. See See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Second, routine aspects of prison life which may create difficulties in filing habeas applications do not constitute extraordinary circumstances for equitable tolling purposes. See Garrick v. Vaughn, 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003)(routine conditions of prison life, such as lockdowns or lack of access to legal resources, do not constitute extraordinary circumstances); see also Lora v. United States, 2007 WL 4966776, at *3 (S.D.N.Y. Nov. 21, 2007)(collecting cases). Petitioner's claim of actual innocence also fails to warrant equitable tolling because he does not present any new reliable evidence of his innocence that was not presented during his trial.

And finally, as for Petitioner's assertion of mental

inability, "mental incompetence is not a per se reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002). Although the Third Circuit has not set out specific criteria for determining when a petitioner's incompetence affected his ability to timely file a habeas petition, other courts in this Circuit have considered the following factors when presented with an equitable tolling argument premised on the petitioner's mental incompetency: (1) was the petitioner adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) was the petitioner institutionalized for his mental impairment; (3) has the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) has the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications. See Griffin v. Stickman, 2004 WL 1821142, at *6 (E.D. Pa. Aug. 11, 2004)(collecting cases). The Court concludes that equitable tolling on this ground is not warranted because Petitioner's cursory and unsupported assertion of mental inability does not satisfy these requirements. See (D.I. 1; D.I. 23; D.I. 26.0

Accordingly, the Court will dismiss the Petition as time-barred.

**III. CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that the Petition must be dismissed as time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability.

**IV. CONCLUSION**

For the reasons discussed, Petitioner's Application For A

Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.